# Herrmann v. Pristine Pines of Franklin Park Inc.

C.P. of Allegheny County, no. GD03-6835.

*John P. Yukevich Jr.,* for plaintiff.
*Paul J. Walsh III,* for defendant.

WETTICK JR., *J.,* September 29, 2003—The subject of this opinion and order of court is plaintiff's petition to strike or open a judgment of non pros entered pursuant to Pa.R.C.P. 1042.6 based on plaintiff's failure to file a certificate of merit within 60 days after the filing of the complaint. Plaintiff's complaint does not identify the defendant as a licensed professional or allege that plaintiff is asserting a professional liability claim. The issue raised through this petition is whether a judgment of non pros may be entered for failure to file a certificate of merit where the complaint does not allege that the plaintiff is raising a professional liability claim.

Plaintiff is the executrix of the estate of Velma Tetrick. The only defendant is Pristine Pines of Franklin Park Inc., which plaintiff identifies as a corporation operating a personal care home where Ms. Tetrick resided.

The complaint alleges that Ms. Tetrick died as a result of blunt trauma to her head and chest. The injury oc-

curred between 11:20 p.m. when Ms. Tetrick had returned to the personal care home from a hospital emergency room and 6:30 a.m. when an employee of defendant found Ms. Tetrick lying on the floor in her room by a closet door. Ms. Tetrick was never able to describe what happened to her.

The negligence allegations against the personal care home include the home's failure to follow discharge instructions from the hospital to administer pain medication and to evaluate Ms. Tetrick hourly for signs and symptoms of disorientation; the personal care home's failure to have a sufficient number of qualified staff on duty at the time of the incident; and the personal care home's failure to have and to implement various policies and procedures.

The complaint was filed on April 4, 2003. An answer was filed on June 12, 2003.

On July 1, 2003, defendant filed a praecipe for entry of judgment of non pros pursuant to Rule 1042.6. In the praecipe, counsel for defendant certified that plaintiff "has asserted a professional liability claim against the defendant named above who is a licensed professional, that no certificate of merit has been filed within the time required by Pa.R.C.P. 1042.3 and that there is no motion to extend the time for filing the certificate pending before the court." The prothonotary entered a judgment of non pros on the same day.

Rule 1042.3 provides that in an action based on an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff shall file a certificate of merit with the complaint or within 60 days after the filing of the complaint

(unless the court upon cause shown extends the time for filing pursuant to a motion to extend, filed on or before the filing date that the plaintiff seeks to extend). Rule 1042.6 provides that the prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time, provided there is no pending timely filed motion seeking to extend the time to file the certificate.

If these were the only relevant rules, I would need to consider whether the complaint is based on allegations that a licensed professional deviated from an acceptable professional standard. However, there is a third rule— Pa.R.C.P. 1042.2—which governs the situation in which the plaintiff's complaint has not characterized the action as a professional liability claim and the defendant believes that the action is a professional liability claim governed by Pa.R.C.P. 1042.1-1042.8. Rule 1042.2 reads as follows:

*"Rule 1042.2. Complaint*

"(a) A complaint shall identify each defendant against whom the plaintiff is asserting a professional liability claim.

"*Note:* It is recommended that the complaint read as follows:

" 'Defendant _____ (name) is a licensed professional with offices in _____ County, Pennsylvania. Plaintiff is asserting a professional liability claim against this defendant.'

"(b) A defendant may raise by preliminary objections the failure of the complaint to comply with subdivision (a) of this rule.

18

*"Note:* The filing of preliminary objections raising failure of a pleading to conform to rule of court is the procedure for bringing before the court the issue whether the complaint is asserting a professional liability claim."

Defendant contends the filing of preliminary objections is not mandatory because the rule provides that the defendant, by preliminary objection, "may" raise the failure of the complaint to comply with subdivision (a) of this rule. This contention is inconsistent with the note to Rule 1042.2(b) which provides that the filing of preliminary objections raising failure of a pleading to conform to rule of court is the procedure for bringing before the court the issue of whether the complaint is asserting a professional liability claim. Also, defendant's proposed reading of the subdivision would render this subsection meaningless.[1] A defendant would almost never file preliminary objections, which would give notice to the plaintiff that the defendant is contending the complaint is raising a professional liability claim, if the defendant could, without giving notice to the plaintiff, file a praecipe for the entry of a judgment of non pros on the 61st day after the filing of the complaint.

The purpose of Rule 1042.2 is to have a judicial determination of whether the plaintiff is asserting a professional liability claim for which a certificate of merit must be filed before a defendant may obtain a judgment of non pros for failure to file a certificate of merit. It would be unreasonable for a rule of procedure to provide for

1. See Pa.R.C.P. 128(b) which provides that in ascertaining the intention of the Supreme Court in the promulgation of a rule, a court shall be guided by the presumption that the Supreme Court intends the entire chapter of rules to be effective and certain.

the entry of a judgment of non pros for failure to comply with a rule where there can be uncertainty as to the applicability of the rule.[2]

Rule 1042.2(b) uses the term "may" because a defendant is not required to file preliminary objections; the defendant may, instead, decide to live with a complaint that fails to conform to a rule of court. The language within Rule 1042.2(b) is identical to the language within Pa.R.C.P. 1028(a) governing preliminary objections which provides "[p]reliminary objections *may* be filed by any party to any pleading and are limited to the following grounds." (emphasis added) The law is clear that the failure to file a preliminary objection which raises a ground set forth in Rule 1028(a) constitutes a waiver of the objection except where other rules create exceptions. *Roskwitalski v. Reiss,* 338 Pa. Super. 85, 487 A.2d 864 (1985); *Rivera v. Philadelphia Theological Seminary,* 326 Pa. Super. 509, 474 A.2d 605 (1984), *aff'd as modified on other grounds,* 510 Pa. 1, 507 A.2d 1 (1986).

In summary, Rule 1042.2 requires a plaintiff to identify in the complaint each defendant against whom the plaintiff is asserting a professional liability claim. If a party is so identified, the rules governing professional liability actions are clear: within 60 days of the filing of the complaint, the plaintiff must, as to this party, file a certificate of merit or a motion to extend the time for filing the certificate of merit (Rule 1042.3). If the plaintiff fails to do so, the defendant may file a praecipe with

---

2. See Rule 128(a) which provides that the Supreme Court does not intend a result that is unreasonable.

the prothonotary requesting entry of a judgment of non pros (Rule 1042.6).

However, where a complaint does not allege that the plaintiff is asserting a professional liability claim against a defendant, the plaintiff is not required to file a certificate of merit as to this defendant unless the plaintiff subsequently files an amended complaint stating that the plaintiff is asserting a professional liability claim against this defendant. Through the filing of preliminary objections, a defendant may seek a court order compelling the plaintiff to file such an amended complaint on the ground that the plaintiff is asserting a professional liability claim against this defendant. If the defendant does not file preliminary objections, the defendant waives its claim that the plaintiff has violated the rule requiring the filing of the certificate of merit.

For this reason, I enter the following order of court:

## ORDER

On September 29, 2003, it is hereby ordered that plaintiff's petition to strike the judgment of non pros entered in these proceedings pursuant to Pa.R.C.P. 1042.6 is granted and the judgment of non pros is stricken.