Linda DOBOS, Appellant

v.

PENNSBURY MANOR, Chandler Hall, Pennsbury Society and Commonwealth of Pennsylvania, Pennsylvania Historical and Museum Commission.

Commonwealth Court of Pennsylvania.

Argued June 3, 2005.

Decided July 7, 2005.

Anthony F. Zabicki, Jr., Philadelphia, for appellant.

David L. Rohde, Havertown, for appellee, Chandler Hall.

BEFORE: PELLEGRINI, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Linda Dobos (Claimant) appeals from an order of the Court of Common Pleas of Bucks County (trial court), denying her petition to open or strike a judgment of non pros granted in favor of Chandler Hall, Chandler Hall Personal Care, Inc., Chandler Health Services Inc., Chandler Hall Auxiliary and Chandler Hall Hospice/Home Health (Chandler Hall).[1] We affirm.

On September 30, 2003, Claimant filed a complaint which stated that she participated in an adult day health program for physically or mentally challenged individuals run by Chandler Hall. She claimed that staff of Chandler Hall took her, and other program participants, on an outing to Pennsbury Manor, the historic home of William Penn. While in the auditorium of Pennsbury Manor, Claimant alleged that she tripped and fell, sustaining injuries.[2]

Claimant alleged that Chandler Hall, through its servants and employees, was negligent in failing to interpret her clinical history, in failing to perform a proper fall risk assessment and in failing to implement an appropriate fall prevention protocol when taking individuals to unfamiliar surroundings. Claimant alleged that Chandler Hall was also negligent in not instructing personnel regarding Claimant's need for continued assistance and in not properly training personnel. Claimant further alleged that Chandler Hall did not provide her with sufficient supervision and did not properly inspect the premises of Pennsbury Manor.

Claimant also alleged that Chandler Hall violated federal regulations by failing to provide her with comprehensive, accurate assessments and care plans; in failing to have sufficient staff and related services; in failing to sufficiently train staff; and in failing to comply with professional services.

Claimant further alleged that Chandler Hall violated Pennsylvania law by failing to adopt and enforce rules relative to the health care of residents; in failing to provide appropriately trained staff; in failing to provide adequate medical evaluations and treatment plans; and in failing to provide sufficient numbers of personnel.

On March 1, 2004, Chandler Hall entered a praecipe for entry of judgment of non pros against Claimant. Chandler Hall alleged that Claimant had asserted a professional liability claim against a licensed professional and any action based on an allegation that a licensed professional deviated from a professional standard must be accompanied by a certificate of merit.

Pursuant to Pa. R.C.P. No. 1042.3, the complainant must file the certificate of merit within sixty days of the filing of the complaint.[3] Chandler Hall alleged that Claimant had not filed a certificate of merit to date.

---

1. A notice of nonparticipation was filed on behalf of Pennsbury Society.

2. The complaint asserts a negligence claim against Pennsbury Manor and Pennsbury Society for the allegedly defective condition of the property and against the Commonwealth of Pennsylvania, Historical and Museum Commission for failing to inspect or correct the alleged defect.

3. Chandler Hall provided its license from the Commonwealth of Pennsylvania, Department of Aging, in support of its claim. (R.R. 171a).

On March 5, 2004, judgment of non pros was entered as to Chandler Hall. Claimant then filed a motion to strike or open judgment of non pros. Claimant alleged that she had not asserted a medical professional liability claim against Chandler Hall and that the filing of a certificate of merit did not apply to adult day health programs. The trial court rejected Claimant's arguments and denied the motion to strike or open judgment of non pros.

■ Claimant now appeals to this Court.[4] Claimant alleges that the trial court erred in denying her petition to open as: (1) the complaint did not contain any statement that she was asserting a professional liability claim against Chandler Hall; and (2) Chandler Hall failed to raise its claim by way of preliminary objections.

Where a complaint alleges that a licensed professional deviated from a professional standard of care, a certificate of merit must be filed. Pa. R.C.P. No. 1042.3(a). The certificate must state that there exists a reasonable probability that the care fell outside acceptable professional standards. Pa. R.C.P. No. 1042.3(a)(1).

A licensed professional is defined as an attorney, veterinarian, psychologist, physical therapist, pharmacist, optometrist, nurse, engineer or land surveyor, dentist, chiropractor, architect, accountant, or "a health care provider as defined by Section 503 of the Medical Care Availability and Reduction of Error (MCARE) Act, 40 P.S. § 1303.503.[5]" Pa. R.C.P. No. 1042.1(b)(1)(i).

MCARE defines a health care provider as:

A primary health care center, a personal care home licensed by the Department of Public Welfare pursuant to the act of June 13, 1967 ... known as the Public Welfare Code, or a person, including a corporation, university or other educational institution licensed or approved by the Commonwealth to provide health care or professional medical services as a physician, a certified nurse midwife, a podiatrist, hospital, nursing home, birth center, and an officer, employee or agent of any of them acting in the course and scope of employment.

■ Chandler Hall asserts that the complaint alleged that it is a health care provider. In the complaint, Claimant alleged that she "came under the medical care and treatment of the defendant, Chandler Hall, an extended care medical facility licensed by the Pennsylvania Department of Health." (R.R. at 13a). The complaint also alleged that Chandler Hall violated seven federal regulations under 42 C.F.R. § 483. (R.R. at 21a–22a). Section 483 sets forth the requirements for long term skilled nursing facilities. The complaint further alleges that Chandler Hall committed eight violations under 28 Pa. Code § 201 and § 211. These Sections provide regulations which set forth the licensing requirements and the program standards for long-term care nursing facilities.

Based on the allegations made in the complaint, we conclude that Claimant did allege that Chandler Hall was a licensed professional and, thus, was obligated to provide a certificate of merit. As such, the trial court did not abuse its discretion in

---

**4.** In reviewing a trial court's order denying relief from a judgment of non pros, this Court will not reverse the ruling absent an abuse of discretion or an error of law. *County of Erie* v. *Peerless Heater Co.,* 660 A.2d 238 (Pa. Cmwlth.1995).

**5.** Section 503 of the Act of March 20, 2002, P.L. 154.

denying Claimant's petition to open or strike judgment of non pros.

■ Claimant's second allegation of error is that Chandler Hall was obligated to raise the issue of professional liability by way of preliminary objections and since it failed to do so, it waived the issue.

Pa. R.C.P. No. 1042.2 provides as follows:

(a) A complaint shall identify each defendant against whom the plaintiff is asserting a professional liability claim.

(b) A defendant may raise by preliminary objections the failure of the complaint to comply with subdivision (a) of this rule.

Additionally, the note following Pa. R.C.P. No. 1042.2(b) provides that "[t]he filing of preliminary objections raising failure of a pleading to conform to rule of court is the procedure for bringing before the court the issue whether the complaint is asserting a professional liability claim."

In support of her allegation that Chandler Hall waived its claim, Claimant cites to *Herrmann v. Pristine Pines of Franklin Park, Inc.*, 64 Pa. D & C 4th 14 (2003). In *Herrmann*, the plaintiff was the executrix of the estate of Velma Tetrick. Ms. Tetrick was alleged to have died as a result to blunt trauma to her head. She was found lying on the floor of her room at a personal care home.

The personal care home was granted judgment of non pros based on its assertion that it was a licensed professional and plaintiff had not filed a timely certificate of merit. The plaintiff filed a petition to strike or open with the trial court. The trial court determined that the complaint did not identify the personal care home as a licensed professional or allege a professional liability claim. As such, the trial court held as follows:

[W]here a complaint does not allege that the plaintiff is asserting a professional liability claim against a defendant, the plaintiff is not required to file a certificate of merit as to this defendant unless the plaintiff subsequently files an amended complaint stating that the plaintiff is asserting a professional liability claim against the defendant. Through the filing of preliminary objections, a defendant may seek a court order compelling the plaintiff to file such an amended complaint on the ground that the plaintiff is asserting a professional liability claim against this defendant. If the defendant does not file preliminary objections, the defendant waives its claim that the plaintiff has violated the rule requiring the filing of the certificate of merit.

*Herrmann*, 64 Pa. D. & C. 4th at 20.

In *Koken v. Lederman*, 840 A.2d 446 (Pa.Cmwlth.2003), a third party joinder complaint was filed by James and Timothy McCarthy. The McCarthys filed suit against Hege Kramer Connell Murphy & Goldkamp, P.C., and identified this defendant as their "former accountants." *Koken*, 840 A.2d at 447. When the McCarthys did not file a timely certificate of merit a judgment of non pros was entered. On appeal to this Court, we determined that judgment of non pros was appropriate under Pa. R.C.P. No. 1042.2(a), as "the Complaint specifically identified Accountants as defendants." *Koken*, 840 A.2d at 449. We then distinguished *Koken* from *Herrmann*, noting that in *Herrmann* the complaint did not aver professional negligence.

In *Parkway Corporation v. Edelstein*, 861 A.2d 264 (Pa.Super.2004), the claimants brought suit against their former attorneys. When the claimants failed to file a timely certificate of merit, a judgment of non pros was entered. The trial court

denied the claimants' application to open the judgment, and an appeal was taken to Superior Court. The claimants argued that the attorneys never raised the issue of a certificate of merit in the pleadings, in discovery or during a pre-trial conference. The Superior Court concurred that the attorneys did omit the issue of a certificate of merit, but held that the attorneys were under no obligation to inform the claimants of their procedural responsibilities. The Superior Court stated that "[n]othing requires [the attorneys] to point out to their adversaries potential procedural blunders or failure to fulfill unnoticed requirements." *Parkway Corporation*, 861 A.2d at 268. The Superior Court further noted that no notice had to be given prior to filing a praecipe for non pros under Pa. R.C.P. No. 1042.6.

Adopting the reasoning of the above case law, Chandler Hall would only have been required to file preliminary objections to the complaint if the complaint failed to establish that a claim was being made against a licensed professional. However, because the complaint established that a claim was being made against a licensed professional, Chandler Hall was not obligated to raise the issue by preliminary objections and correctly filed a praecipe for judgment of non pros. Thus, the trial court did not abuse its discretion in denying Claimant's petition to open or strike the judgment of non pros and, accordingly, the order of the trial court is affirmed.

### *ORDER*

AND NOW, this 7th day of July, 2005, the order of the Court of Common Pleas of Bucks County is affirmed.