**Justin P. VARNER, Matthew B. Varner, Christopher R. Varner & Danielle Canning, Appellants,**

v.

**CLASSIC COMMUNITIES CORPORATION, Ronald and Laura Gabriel and Barton and Associates, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 5, 2005.

Filed Jan. 6, 2006.

an admission of causation and a concomitant obligation to pay UM/UIM benefits.

Debra T. Herron, Clarksburg, WV, for appellants.

Frank Nofer, King of Prussia, for Barton and Associates, Inc., appellee.

BEFORE: KLEIN, BENDER and BOWES, JJ.

OPINION BY BENDER, J.:

¶ 1 Justin P. Varner, Matthew B. Varner, Christopher R. Varner, and Danielle Canning (collectively, "Plaintiffs"), appeal from the January 11, 2005 order denying their petition to open a judgment of non pros that had been entered against them due to their failure to file a certificate of merit pursuant to the rules at Pa.R.C.P. 1042.1–1042.8, which apply to professional liability claims. We affirm.

¶ 2 A brief factual and procedural history follows. Plaintiffs filed a complaint on December 31, 2003, against defendants Classic Communities Corporation ("Classic"), Ronald and Laura Gabriel ("the Gabriels"), and Barton and Associates, Inc. ("Barton"), (collectively, "Defendants"). Plaintiffs asserted that Betty Bowen (the natural mother of Matthew, Christopher, and Justin Varner), leased a townhouse from its owners, the Gabriels. Classic built the townhouse and Barton was the architectural firm involved in its construction.

¶ 3 Plaintiffs alleged in their complaint that, in the early morning hours of January 6, 2002, while Matthew, Christopher, Justin, and Danielle (Justin's girlfriend) were visiting with Betty at the townhouse, a fire started in the living room. The fire burned rapidly, consuming the townhouse. Betty died in the fire. Matthew, Justin, and Danielle were able to escape, but suffered severe burn injuries. Plaintiffs' complaint also alleged that although Christopher did not suffer physical injuries, he suffered great emotional and mental anguish from having seen and experienced the death of his mother and the injuries to his siblings.

¶ 4 In Count I of Plaintiffs' first complaint, they asserted a cause of action entitled "negligence" against Classic and Barton; in Count II, they asserted a cause of action entitled "negligence per se" against Classic and Barton; and, in Count III, they set forth a count entitled "negligence" against the Gabriels. Plaintiffs asserted that Classic and Barton breached their duty to abide by the BOCA Code [1] in the

1. According to one industry website: "Building Officials and Code Administrators International Inc. (BOCA), now known as the International Code Council, publishes codes that establish minimum performance requirements for all aspects of the construction industry. BOCA is a founding member of the International Code Council (ICC) which was

construction of the townhouse by, *inter alia,* using inadequate fire resistant materials, resulting in a fire that spread more quickly thereby prolonging the entrapment of its occupants. As to the Gabriels, Plaintiffs averred that they, as owners of the townhouse, had a duty to make a reasonable inspection of the premises to ensure that it was in compliance with applicable building codes.

¶ 5 Plaintiffs filed an amended complaint on February 3, 2004. Primarily, the difference between the original and the amended complaint is that, in the amended complaint, Plaintiffs more specifically delineated their causes of action against each defendant. Particularly, Counts I and II in the amended complaint asserted "negligence" and "negligence per se," respectively, against Classic only for its alleged failure to abide by the BOCA Code during construction, especially those portions of the Code pertaining to use of fire resistant materials. Significantly in this appeal, Count III in the amended complaint alleges that Barton was under a duty to abide by the BOCA Code in the construction of the premises, but did not do so, especially with regard to the fire resistant materials provision; and, Count IV against Barton is for negligence per se for violations of the BOCA Code. Finally, Count V, once again, alleged negligence against the Gabriels.

¶ 6 On June 16, 2004, Barton filed a praecipe for entry of judgment of non pros pursuant to Pa.R.C.P. 1042.6, in which it asserted: "[Barton is] an architectural firm authorized to provide architectural services through licensed professionals, and that no Certificate of Merit has been filed within the time required by Pa.R.C.P.

1042.3, and that there is no motion to extend the time for filing the certificate pending before the court." Praecipe for Entry of Judgment of Non Pros Pursuant to Pa.R.C.P. 1042.6, 6/16/04. On June 17, 2004, the Cumberland County prothonotary entered a judgment of non pros in favor of Barton for Plaintiffs' failure to file the requisite certificate of merit.

¶ 7 On June 28, 2004, Plaintiffs filed a "Petition to Prohibit Entry of Judgment of Non Pros or, in the Alternative, to Strike or Open Judgment of Non Pros Entered Pursuant to Pa.R.C.P. 1042.6" (hereinafter "Petition to Strike/Open"). On January 11, 2005, the trial court entered an order denying Plaintiffs' Petition to Strike/Open. Plaintiffs filed this timely appeal.

¶ 8 Plaintiffs' "Statement of the Questions Involved" in their brief reads as follows:

Whether the trial court erred in entering the order denying the plaintiffs' petition to strike or open a judgment of non pros, which the trial court entered due to the plaintiffs['] failure to comply with certain procedural requirements applicable to professional liability claims, in light of the facts that: (1) the plaintiffs' amended complaint does not include any specific statement asserting a professional liability claim against the defendant architectural firm; (2) the failure of the defendant architectural firm to raise by preliminary objection or answer the issue of whether this was a professional liability action and its failure to comply with Pa.R.C.P. 1042.2(b) show fatal defects on the face of the record prior to any entry of the judgment non pros [sic] pursuant to Pa. R.C.P. 1042.6; and (3) a conflict exists

---

established in 1994 to develop a single set of comprehensive and coordinated national model construction codes." *See* http://aec.ihs.com/abstracts/boca-stan-

dards.jsp (last visited November 29, 2005). *See also* International Code Council *at* http://www.iccsafe.org.

between Pa.R.C.P. 1042.2, which expressly requires the filing of preliminary objections toward any complaint which the defendant believes has failed to comply with the requisite rules, and Pa.R.C.P. 1042.2(b).

Plaintiffs' brief at 3.[2,3]

¶ 9 When reviewing the denial of a petition to strike and/or open a judgment of non pros, we will reverse the trial court only if we find a manifest abuse of discretion. *Yee v. Roberts*, 878 A.2d 906, 910 (Pa.Super.2005); *Hoover v. Davila*, 862 A.2d 591, 593 (Pa.Super.2004). "It is well-established that a motion to strike off a judgment of non pros challenges only defects appearing on the face of the record and that such a motion may not be granted if the record is self-sustaining." *Hershey v. Segro*, 252 Pa.Super. 240, 381 A.2d 478, 479 (1977). Additionally, the rule governing relief from judgment of non pros indicates in pertinent part:

(b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that

(1) the petition is timely filed,

(2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

(3) there is a meritorious cause of action.

Pa.R.C.P. 3051(b).

¶ 10 In the argument portion of their brief, Plaintiffs contend that their amended complaint (and their original complaint, for that matter) does not contain any specific statement of professional malpractice against the Barton architectural firm and, thus, they were not required to provide a certificate of merit or file for an extension in which to file a certificate of merit. Plaintiff's brief at 9. Plaintiffs argue: "Under the applicable language of Rule Pa.R.C.P. 1042.3(a), it is unclear whether the rule requires filing of a certificate of merit in cases in which the plaintiffs assert claims for ordinary negligence and negligence per se, but no specific claims for professional negligence, against a defendant architectural firm." *Id.* at 11.

¶ 11 As noted previously, our Pennsylvania Rules of Civil Procedure contain provisions pertaining specifically to professional liability actions. Pa.R.C.P. 1042.1–1042.8. Rule 1042.3 ("Certificate of Merit") reads:

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff ... shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either:

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards

---

2. In contravention of Pa.R.A.P. 2119(a), the argument section of Plaintiffs' brief is not divided into separate parts in accordance with the enumeration of issues in their statement of questions involved. Rather, the three questions enumerated are discussed interchangeably in one continuous "argument" portion of Plaintiffs' brief. Accordingly, our review will proceed with a focus upon those points that are raised and properly developed in the argument portion of Plaintiffs' brief.

3. Counsel for Classic and the Gabriels have each submitted letters to this Court indicating that the issues raised in this appeal do not immediately affect either of their clients and, therefore, neither of them would be submitting briefs.

and that such conduct was a cause in bringing about the harm, or

 (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

 (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

. . .

 (d) The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. The motion to extend the time for filing a certificate of merit must be filed on or before the filing date that the plaintiff seeks to extend. The filing of a motion to extend tolls the time period within which a certificate of merit must be filed until the court rules upon the motion.

Pa.R.C.P. 1042.3(a), (d) (notes omitted). This rule applies to professional liability claims against licensed professionals, which include architects. Pa.R.C.P. 1042.1(b)(1)(iii). The rule contemplates that "a certificate of merit will be filed contemporaneously with or shortly after the filing of the complaint, and provide[s] a 60–day window after the filing of the complaint to accomplish the filing of the certificate of merit." *Yee,* 878 A.2d at 910. If the rule applies (*i.e.,* "in any action based upon an allegation that a licensed professional deviated from an acceptable professional standard," Pa.R.C.P. 1042.3(a)), but the plaintiff fails to file the requisite certificate of merit, then:

 (a) The prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided that there is no pending timely filed motion seeking to extend the time to file the certificate.

Pa.R.C.P. 1042.6(a). Barton relied on this provision in filing its praecipe to enter a judgment of non pros.

¶ 12 Significantly, the certificate of merit rules also provide as follows:

 (a) A complaint shall identify each defendant against whom the plaintiff is asserting a professional liability claim.

 *Note:* It is recommended that the complaint read as follows:

 "Defendant _____ (name) is a licensed professional with offices in _____ County, Pennsylvania. Plaintiff is asserting a professional liability claim against this defendant."

 (b) A defendant may raise by preliminary objections the failure of the complaint to comply with subdivision (a) of this rule.

 *Note:* The filing of preliminary objections raising failure of a pleading to conform to rule of court is the procedure for bringing before the court the issue whether the complaint is asserting a professional liability claim.

Pa.R.C.P. 1042.2 ("Complaint").

¶ 13 Despite the Plaintiffs' complaint's lack of the "recommended" language in the note following Pa.R.C.P. 1042.2(a), *i.e.,* that a plaintiff is asserting a professional liability claim against a licensed professional, and despite Plaintiffs' attempt to characterize their claim against Barton as ordinary negligence or negligence per se, Plaintiffs' claim against Barton sounds in professional liability against architects, who are, as previously noted, considered licensed professionals under the certificate of merit provisions. Pa.R.C.P. 1042.1(b)(1)(iii). Thus, we agree with the trial court, which held that Plaintiffs' "complaint against the architect, although inartfully drafted, is a claim of negligence

in the performance of a professional duty, which was a cause of the fire on January 6, 2002." Trial Court Opinion (T.C.O.), 1/11/05, at 3.

¶ 14 We decline to hold that if a plaintiff fails to include the language in their complaint "recommended" by the note following Pa.R.C.P. 1042.2(a), or otherwise fails to *expressly* indicate in its complaint that it is asserting a "professional liability claim," that the plaintiff is then considered exempted from providing a certificate of merit when, in substance, the plaintiff is actually asserting a professional liability claim. We have held, albeit in the context of a medical malpractice case, that it is the substance of the complaint rather than its form which controls whether the claim against a professionally licensed defendant sounds in ordinary negligence or professional malpractice. *See Grossman v. Barke*, 868 A.2d 561 (Pa.Super.2005), *appeal denied*, 889 A.2d 89, 2005 Pa. LEXIS 2333 (Pa. Oct. 25, 2005).

¶ 15 In *Grossman*, we examined the difference between a claim of ordinary negligence and one of professional medical malpractice in the context of determining whether expert medical testimony was necessary. We stated that the basic elements of both ordinary negligence and medical malpractice were the same (*i.e.*, existence of a duty, breach of that duty, causal connection between the conduct and resulting injury, and actual damages), but medical malpractice has further defining characteristics (*i.e.*, medical malpractice is the "unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services"). *Id.* at 566 (quoting *Toogood v. Owen J. Rogal, D.D.S., P.C.*, 573 Pa. 245, 824 A.2d 1140, 1145 (2003)). We noted that one of the most distinguishing fea-

tures of a medical professional malpractice suit was the need, in most cases, for expert testimony that would elucidate complex issues for a jury of laypersons. *Id.* However, we also recognized that even in a medical professional negligence suit, expert testimony may not be required where the negligence is obvious or within the realm of a layperson's understanding. *Id.* at 567.

¶ 16 In *Grossman*, we also cited a decision of the Michigan Supreme Court, which drew a distinction between ordinary negligence and professional medical malpractice:

A medical malpractice claim is distinguished by two defining characteristics. First, medical malpractice can occur only within the course of a professional relationship. Second, claims of medical malpractice necessarily raise questions involving medical judgment. Claims of ordinary negligence, by contrast, raise issues that are within the common knowledge and experience of the [factfinder]. Therefore, a court must ask two fundamental questions in determining whether a claim sounds in ordinary negligence or medical malpractice: (1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience. If both these questions are answered in the affirmative, the action is subject to the procedural and substantive requirements that govern medical malpractice actions.

*Id.* at 570 (quoting *Bryant v. Oakpointe Villa Nursing Ctr.*, 471 Mich. 411, 684 N.W.2d 864, 871 (2004) (citations and internal quotation marks omitted)).

¶ 17 In the instant case, we have concluded that Barton qualifies as a "licensed

professional" for purposes of the certificate of merit provisions. Pa.R.C.P. 1042.1(b)(1)(iii). We further conclude, however, that Plaintiffs' causes of action against Barton implicate the propriety of the professional architectural services it provided in the construction of the townhouse. Plaintiffs' claims against Barton involve compliance with the BOCA Code— an area "beyond the realm of common knowledge and experience" that would require expert testimony for elucidation. Accordingly, the substance of Plaintiffs' claims against Barton sound in professional architectural malpractice. Thus, Plaintiffs were required to provide a certificate of merit with regard to those claims or file an extension in which to file the certificate of merit—neither of which Plaintiffs did, resulting in the prothonotary's entering a judgment of non pros pursuant to Barton's praecipe, all in accordance with Pa.R.C.P. 1042.6.[4]

■ ¶ 18 Plaintiffs also argue that "the defendants failed to raise any objections to the wording of the plaintiffs' amended complaint or the lack of a certificate of merit." Plaintiffs' brief at 11. Accordingly, Plaintiffs contend that Barton waived any objection to the certificate of merit requirement. *See id.* at 11–12. Specifically, Plaintiffs contend that this waiver resulted from Barton's failure to file a response to Plaintiffs' amended complaint pursuant to Pa.R.C.P. 1026 ("Time for Filing. Notice to Plead") and/or its failure to assert preliminary objections under Pa. R.C.P. 1042.2(b), whereby it could have sought to compel Plaintiffs to file an amended complaint expressly asserting a professional liability claim. *Id.* at 11.

Plaintiffs argue that these failures deprived them of notice that Barton intended to object to the "style, content or specific allegations of the Amended Complaint." *Id.* at 11.

¶ 19 In support of their waiver argument, Plaintiffs cite *Herrmann v. Pristine Pines of Franklin Park,* 64 Pa. D. & C.4th 14 (Allegheny Cty.2003). In *Herrmann,* a personal care home patient fell, suffering head trauma that resulted in her death. Her estate sued the personal care home, which was later granted a judgment of non pros for the estate's failure to file a certificate of merit. The trial court granted the estate's petition to strike/open the judgment of non pros based on its finding that the estate's complaint did not identify the personal care home as a licensed professional or set forth a professional liability claim. In examining Rule 1042.2, the Court of Common Pleas held:

> [W]here a complaint does not allege that the plaintiff is asserting a professional liability claim against a defendant, the plaintiff is not required to file a certificate of merit as to this defendant unless the plaintiff subsequently files an amended complaint stating that the plaintiff is asserting a professional liability claim against this defendant. Through the filing of preliminary objections, a defendant may seek a court order compelling the plaintiff to file such an amended complaint on the ground that the plaintiff is asserting a professional liability claim against this defendant. If the defendant does not file preliminary objections, the defendant waives its claim that the plaintiff has

---

4. Indeed, it appears that Plaintiffs contemplated the need for expert testimony. In their Petition to Strike/Open, Plaintiffs averred that they intended to "prove through the use of a qualified expert that the care, skill or knowledge exercised or exhibited by [Barton] in the treatment, practice or work that is the subject of the Amended Complaint, fell outside acceptable professional standards and was a cause in bringing about these plaintiffs' damages." Petition to Strike/Open at ¶ 22.

violated the rule requiring the filing of the certificate of merit.

*Id.* at 20. Plaintiffs are correct that *Herrmann* supports their position, but the above holding in *Herrmann* has since been rejected by this Court in *Yee* and by our Commonwealth Court in *Dobos v. Pennsbury Manor*, 878 A.2d 182 (Pa.Cmwlth. 2005).

¶ 20 In *Yee*, the plaintiff sued her dentist and his practice, alleging that a dental assistant in the practice misused certain equipment thereby negligently causing a chemical burn on the plaintiff's face. The defendants filed a praecipe for entry of a judgment of non pros based on the plaintiff's failure to file a timely certificate of merit pursuant to Pa.R.C.P. 1042.6, the judgment of non pros was entered on this basis, and the plaintiff's petition to open the judgment was denied. *Yee*, 878 A.2d at 908–909. The plaintiff, similar to Plaintiffs herein, argued that her claim against the dental practice was a claim for ordinary negligence rather than professional negligence and, therefore, no certificate of merit was required. Her claim against the practice included allegations such as its failure to properly train and educate employees in the use of the equipment involved in the plaintiff's injury, failure to properly supervise the employees, and failure to operate the equipment in a safe manner. *Id.* at 911.

¶ 21 In reliance on *Grossman*, we were not persuaded by the plaintiff's argument that these allegations constituted a claim of ordinary, rather than professional, negligence. *Id.* We concluded that the claim against the dental practice "clearly seeks damages for negligence arising in the context of professional dental treatment, and, as such, requires expert testimony to establish both the standard of care in the use of dental etching solutions and high pressure water wands, as well as the standard of care applicable to the training and supervision of dental technicians." *Id.* at 913–914. However, we further concluded:

> the preliminary objections filed by [the defendants] were not in any way relevant to the duty of [the plaintiff] to obtain from an appropriate, licensed medical expert—prior to filing the complaint or within 60 days thereafter—a written statement that there 'exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about...' the injuries suffered by appellant.

*Yee*, 878 A.2d at 910 (footnote and citations omitted). We further stated:

> We are aware of the opinion of the Court of Common Pleas of Allegheny County in *Herrmann v. Pristine Pines of Franklin Park, Inc.*, 64 D. & C. 4th 14, 19–20 (2003), which reaches a contrary result, but **we are not persuaded that the Supreme Court intended to require the filing of preliminary objections as a prerequisite to the filing of a praecipe for judgment of non pros in an action based on professional negligence where the plaintiff fails to timely file a certificate of merit.**

*Id.* at 911 n. 7 (emphasis added).

¶ 22 Similarly, our Commonwealth Court, in *Dobos*, rejected the holding in *Herrmann*. The plaintiff in *Dobos* asserted that the trial court erred in entering a judgment of non pros for the plaintiff's failure to file a certificate of merit under Pa.R.C.P. 1042.6, because the plaintiff did not assert a professional liability claim against the personal care home where she resided regarding their responsibility for her fall during a field trip for patients.

The Court examined the plaintiff's complaint in which she averred that the personal care home is a licensed health care provider that violated various federal regulations pertaining to licensing requirements and program standards for long-term care facilities. *Dobos*, 878 A.2d at 184. Based on the allegations in the complaint, the Commonwealth Court concluded that the plaintiff was alleging that the personal care home was a licensed professional and, thus, the plaintiff was required to provide a certificate of merit. *Id.*

¶ 23 Additionally, the plaintiff in *Dobos*, like Plaintiffs in the instant case, asserted that the defendant personal care home waived its objection to the lack of a certificate of merit because it did not raise the issue of professional liability by filing preliminary objections as per Pa.R.C.P. 1042.2(b). *Id.* at 185. The plaintiff in *Dobos* also relied on *Herrmann* in making this argument. *Id.* However, the Commonwealth Court held that the defendant "would only have been required to file preliminary objections to the complaint if the complaint failed to establish that a claim was being made against a licensed professional. However, because the complaint established that a claim was being made against a licensed professional, [the defendant] was not obligated to raise the issue by preliminary objections and correctly filed a praecipe for judgment of non pros." *Id.* at 186.

¶ 24 This reasoning applies in the instant case. A plain reading of Pa.R.C.P. 1042.2(b) is permissive in that a defendant "may" raise by preliminary objection the failure of a plaintiff to comply with subpart (a) of the rule which indicates that the plaintiff "shall" identify each defendant against whom the plaintiff is bringing a professional liability claim. Apparently,

Barton did not doubt that Plaintiffs were bringing a professional architectural malpractice claim against it and, as fully discussed above, we have similarly concluded that the claim sounded in professional liability. The Plaintiffs' act of filing a complaint sounding in professional architectural malpractice triggered their obligation to obtain the certificate of merit. When they failed to do so, Barton properly proceeded in accordance with Pa.R.C.P. 1042.6, resulting in the prothonotary's entry of the judgment of non pros.

¶ 25 Thus, we conclude that the trial court did not err by refusing to strike the judgment of non pros, as there was no defect apparent on the face of the record—Plaintiffs failed to properly comply with the certificate of merit rules, and Barton properly objected to the lack of a certificate of merit in accordance with Pa.R.C.P. 1042.6.

¶ 26 Additionally, we conclude that the trial court did not abuse its discretion by refusing to open the judgment of non pros. Although Plaintiffs' Petition to Strike/Open was timely filed, the trial court determined that Plaintiffs had no reasonable explanation or legitimate excuse for their failure to file the required certificate of merit. T.C.O. at 4.

¶ 27 In support of their effort to have the judgment of non pros opened, Plaintiffs asserted, *inter alia*, (1) unfamiliarity with the certificate of merit rules due to their newness (the rules became effective in January of 2003); (2) Plaintiffs' counsel's unawareness that the rules applied even though Barton failed to file preliminary objections; (3) Barton's failure to provide any notice of its intention to file a motion for entry of a judgment of non pros; and (4) Barton's failure to note its

objection to Plaintiffs' complaint by way of answering the amended complaint or by filing preliminary objections. *See* Petition to Strike/Open, 6/28/04, at ¶¶ 17–23. Plaintiffs also claimed that they had a meritorious claim against Barton, intended to provide a qualified expert to establish that Barton deviated from "acceptable professional standards," and that it would be inequitable to deny them the opportunity to proceed with their claim against Barton. *Id.* at ¶¶ 22, 23.

¶ 28 The trial court rejected these reasons advanced by Plaintiffs in support of their effort to open the judgment of non pros. The trial court relied upon *Hoover*, wherein we rejected the plaintiff's reasons for opening the judgment of non pros on the basis that the plaintiff was unaware of or did not understand the new certificate of merit rules. *Hoover*, 862 A.2d at 595. Additionally, the trial court in the instant case rejected Plaintiffs' contention that Barton waived their objection to the lack of a certificate of merit for failing to file preliminary objections thereto. We agree with the trial court, as fully explained above, that the certificate of merit rules did not require Barton to file preliminary objections but, rather, Barton properly objected to the lack of the certificate on the basis of Rule 1042.6. Due to Plaintiffs' lack of a "reasonable explanation or legitimate excuse" for their failure to file the required certificate of merit, the trial court, in its discretion, properly refused to open the judgment of non pros. *See* T.C.O. at 6.

¶ 29 For the foregoing reasons, we conclude that the trial court did not err by denying Plaintiffs' Petition to Strike/Open the judgment of non pros that had been entered against them for their failure to timely file a certificate of merit in support of their claim of professional architectural liability against Barton.

¶ 30 Order affirmed.