J-S53005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICHAEL VIANELLO, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| HANIF BEY, POCONO MEDICAL CENTER AMBULANCE DRIVER 1, DRIVER 2, DISPATCHER, DOCTOR 1, DOCTOR 2, DOCTOR 3, DOCTOR 4, SEVERAL UNKNOWN PERSONS AND SEVERAL JOHN AND/OR JANE DOES, | |
| Appellee | No. 487 EDA 2017 |

Appeal from the Order Entered September 30, 2016
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 6372 Civil 2015

BEFORE: BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED OCTOBER 11, 2017**

Appellant, Michael Vianello, appeals from the trial court's September 30, 2016 order denying his motion to open and/or strike the judgment of *non pros*. We affirm.

The trial court summarized the factual background and procedural history of this case as follows:

> [Mr. Vianello] filed a Writ of Summons against Hanif Bey, Pocono Medical Center (PMC), and various other unnamed individuals. Counsel for Bey and PMC filed a Rule to file a Complaint. [Mr. Vianello] filed a Complaint, naming the same parties as [Appellees]. [Mr. Vianello] alleges PMC, and its employee, Bey, failed to adequately treat [Mr. Vianello's] medical condition, failed to properly rehabilitate [Mr. Vianello] and to discharge him to appropriate care. [Mr. Vianello] sought an injunction, compensatory and punitive damages.

On or about December 28, 2015, [Appellees] filed a Notice of Intention to Enter Judgment of *Non Pros* on Professional Liability Claim. The Notice had a date of December 24, 2015[,] and contained [Mr. Vianello's] mailing address. [Mr. Vianello] filed a Motion to Strike and Objections to the Notice, which was denied by an Order of the [c]ourt dated January 14, 2016. [Mr. Vianello] then filed a Motion to Extend Time to File a Certificate of Merit[,] which was granted by an Order of this [c]ourt dated January 20, 2016. The time to file certificates of merit was extended to March 12, 2016.

Meanwhile, [Appellees] had also filed Preliminary Objections to [Mr. Vianello's] Complaint for lack of specificity. By Order dated February 5, 2016, this [c]ourt sustained the Preliminary Objections and required [Mr. Vianello] to file an Amended Complaint. [Mr. Vianello] filed an Amended Complaint on February 25, 2016.

[Mr. Vianello] also filed a Motion to Compel Discovery in aid of drafting his Complaint and/or identifying negligent acts. The Motion to Compel was denied by Order of this [c]ourt dated March 9, 2016. [Mr. Vianello] filed certificates of merit as to Hanif Bey, PMC, and other unnamed [Appellees], which stated an appropriate professional gave a written statement and/or the allegations are based on allegations [that] other licensed professionals [for whom Appellees are responsible deviated from an acceptable professional standard] or expert testimony is unnecessary. All of the certificates of merit were signed by [Mr. Vianello]. It is noted [Mr. Vianello] is *pro se* and representing himself in this matter.

On March 16, 2016, [Appellees] filed a Notice of Intention to Enter Judgment of *Non Pros* for Failure to File Written Statement From Appropriate Licensed Professional. [Mr. Vianello] filed a Motion to Strike and Objections to the Notice which was denied by an Order of this [c]ourt dated April 12, 2016. On April 18, 2016, [Appellees] filed a Praecipe to Enter Judgment *Non Pros* on which the Prothonotary entered a judgment. We now consider [Mr. Vianello's] Amended Petition/Motion to Open Strike and Vacate Judgment of *Non Pros* which he filed on April 29, 2016. He first filed a Petition/Motion to Open/Strike and Vacate of [*sic*] April 25, 2016.[1]

> <sup>1</sup> This [c]ourt set a briefing schedule on the Petition/Motion on April 26, 2016, but nothing further occurred as [Mr. Vianello] filed a Notice of Appeal to the Superior Court.[1]

Trial Court Opinion (TCO), 9/30/2016, at 2-3.

In reviewing Mr. Vianello's petition to open and/or strike the judgment of *non pros*, the trial court, *inter alia*, rejected his argument that no certificate of merit was necessary in this case under Pennsylvania Rule of Civil Procedure 1042.3.[2] **Id.** at 3. In doing so, it stated that Mr. Vianello's allegations in the complaint "sound in medical practice and not generally in

---

[1] To clarify, Mr. Vianello had previously filed a notice of appeal to this Court from the April 18, 2016 judgment of *non pros*. Appellees then filed a motion to quash, which we granted on the basis that "relief from a judgment of *non pros* shall be sought by petition." **See** Order Granting Application to Quash Appeal, 7/28/2016, at 1 (single page) (citations omitted). Accordingly, Mr. Vianello's appeal was quashed and dismissed. **Id.** In a subsequent motion for reconsideration filed by Mr. Vianello with this Court, we acknowledged that "[a]lthough [Mr. Vianello] apparently filed a petition to open/strike the judgment of *non pros*, he filed his notice of appeal before the trial court could rule upon said petition." **See** Order Denying Mr. Vianello's Motion for Reconsideration, 9/12/2016, at 1 (single page). In that order, we directed the trial court to rule upon Mr. Vianello's petition to open/strike the judgment of *non pros*, upon return of the certified record. **Id.**

[2] As our Supreme Court has described, Rule 1042.3 "is one in a series of rules that govern procedure in a civil action in which a professional liability claim is asserted against a licensed professional." **Womer v. Hiliker**, 908 A.2d 269, 275 (Pa. 2006) (citation omitted). In short, "[t]he procedure we provided in the professional liability action rules centers on the filing of a [certificate of merit]. [T]he presence in the record of a [certificate of merit] signals to the parties and the trial court that the plaintiff is willing to attest to the basis of his malpractice claim; that he is in a position to support the allegations he has made in his professional liability action; and that resources will not be wasted if additional pleading and discovery take place." **Id.** (citations and footnote omitted). We discuss Rule 1042.3 further *infra*.

tort only." ***Id.*** Further, it determined that Mr. Vianello's argument that Rule 1042.1 *et seq.* is unconstitutional lacks merit. ***Id.*** at 5. Accordingly, it denied Mr. Vianello's petition to open and/or strike the judgment of *non pros*. ***Id.*** at 6.

Mr. Vianello filed a timely notice of appeal, and timely complied with the trial court's instruction to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Presently, Mr. Vianello raises the following issues for our review:

> A. Whether the lower court erred in entering a judment *non-pros* [*sic*] [?]
>
> B. Whether the lower court erred in denying the motion to reconsider and to vacate the order entering the *non-pros* [*sic*] judgment[?]
>
> C. Whether the lawsuit is a tort lawsuit?
>
> D. Whether the lawsuit is a mal-practice [*sic*] lawsuit?
>
> E. Whether the lower court order, in effect, constitutes an impermissible, violation of the right to sue?
>
> F. Whether the order entering a judement *non-pros* [*sic*] is contrary to the facts[]?
>
> G. Whether … [Mr. Vianello's] constitutional rights, including the right to sue, have been violated?

Mr. Vianello's Brief at 1-2 (unnecessary capitalization omitted).[3]

Initially, we note that "[a]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of

---

[3] We note that Mr. Vianello has not numbered his brief correctly; he refers to actual pages 1 and 2, as pages "150" and "250."

- 4 -

Appellate Procedure." ***In re Ullman***, 995 A.2d 1207, 1211 (Pa. Super. 2010) (citations omitted). Moreover, "it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Citations to authorities must articulate the principles for which they are cited." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant. [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." ***Id.*** (citations omitted). Further, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***In re Ullman***, 995 A.2d at 1211-12 (citations omitted).

Here, Mr. Vianello's brief does not comply with our rules of appellate procedure.[4] For instance, Rule of Appellate Procedure 2119(a) states that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or

---

[4] Appellees identify a litany of violations committed by Mr. Vianello in their brief. ***See*** Appellees' Brief at 3 n.1.

in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Mr. Vianello, however, fails to divide his argument section in accordance with the issues he is raising, and the entire argument section of his brief barely constitutes two pages. There is no citation therein to relevant case law, and his arguments are extremely undeveloped. Given these severe deficiencies, we deem all issues raised by Mr. Vianello on appeal to be waived.

Nevertheless, even if we did not find Mr. Vianello's issues waived on appeal, we would conclude that they have no merit. We address Mr. Vianello's issues out of order for ease of disposition. From what we can glean from his brief, in issues C and D *supra*, Mr. Vianello asserts that certificates of merit and written statements under Rule 1042.3 are not required because his lawsuit is a tort, and not a medical malpractice, case. He states that "[t]he claims of this lawsui [*sic*] are not based upon medical judgment. The claims of this lawsuit raise issues that are within the common knowledge and experience of the fact-finder." Mr. Vianello's Brief at 8. We would disagree.[5]

_____

[5] "In order to determine what theory of liability [the appellant] is asserting, this Court must examine the averments she makes in her complaint. Such a review raises a question of law as to which our standard of review is *de novo* and our scope of review is plenary." **Ditch v. Waynesboro Hosp.**, 917 A.2d 317, 321 (Pa. Super. 2007) (citations and internal quotation marks omitted).

This Court has previously explained:

Medical malpractice is defined as the "unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services." *Toogood v. Owen J. Rogal, D.D.S., P.C.*, 573 Pa. 245, 824 A.2d 1140, 1145 (2003). "[T]o prevail in a medical malpractice action, a plaintiff must 'establish a duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the harm suffered, and the damages suffered were a direct result of the harm.'" *Id.* (quoting *Hightower–Warren v. Silk*, 548 Pa. 459, 698 A.2d 52, 54 (1997)). Thus, the basic elements of medical malpractice and ordinary negligence are the same, although medical malpractice has some distinguishing characteristics. *See Grossman* [*v. Barke*], 868 A.2d [561,] 566 [(Pa. Super. 2005)]. The *Grossman* Court drew the distinction between ordinary negligence and medical malpractice as follows:

> A medical malpractice claim is distinguished by two defining characteristics. First, medical malpractice can occur only within the course of a professional relationship. Second, claims of medical malpractice necessarily raise questions involving medical judgment. Claims of ordinary negligence, by contrast, raise issues that are within the common knowledge and experience of the fact-finder. Therefore, a court must ask two fundamental questions in determining whether a claim sounds in ordinary negligence or medical malpractice: (1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience. If both these questions are answered in the affirmative, the action is subject to the procedural and substantive requirements that govern medical malpractice actions.

*Id.* at 570 (quoting *Bryant v. Oakpointe Villa Nursing Centre*, 471 Mich. 411, 684 N.W.2d 864, 871 (2004)). Therefore, "where a complaint is predicated upon facts constituting medical treatment, that is, when it involves diagnosis, care and treatment by licensed professionals, the action must be characterized as a professional negligence

action." ***Yee v. Roberts***, 878 A.2d 906, 912 (Pa. Super. 2005) (internal citations and quotation marks omitted); ***cf. Estate of Swift v. Northeastern Hosp. of Philadelphia***, 456 Pa. Super. 330, 690 A.2d 719, 723 (1997) (concluding complaint alleging bodily injury as a result of a slip and fall in hospital set forth claim of premises liability and not hospital malpractice). Our Court has further found that the hiring, training, supervising, and monitoring of employees who assist with the care and treatment of a health care professional's patients is considered an integral part of providing professional services. ***See Yee***, 878 A.2d at 912-13; ***American Rehab. and Physical Therapy, Inc. v. American Motorists Ins. Co.***, 829 A.2d 1173, 1177-78 (Pa. Super. 2003), *rev'd on other grounds*, 578 Pa. 154, 849 A.2d 1202 (2004).

***Ditch***, 917 A.2d at 321-22 (original brackets omitted).

Here, in his amended complaint, Mr. Vianello alleges, *inter alia*, that "[Appellees] had a duty to assist [him] to get into … a nursing-home, rehabilitation, or personal-care facility. They breached that duty"; "[Appellees] knew or should have known that [he] needed physical therapy and exercise"; "[Appellees'] failures [*sic*] to return [Mr. Vianello] to his previous ability to walk without assistance was a failur [*sic*] to provide the required standard of care"; "Discharging and/or removing [Mr. Vianello] from [PMC] was a breach of the standard of care"; and "[Appellees] failed to make arrangements for [Mr. Vianello] to receive outpatient dialysis subsequent to discharge from [PMC]." ***See*** Amended Complaint, 2/25/2016, at ¶¶ 14, 18, 25, 31, 32. Based on these allegations, we would determine that Mr. Vianello raises a medical malpractice claim against Appellees, as his "claim pertains to an action that occurred within the course of a professional relationship[,]" and his "claim raises questions of medical judgment beyond

- 8 -

the realm of common knowledge and experience." ***Ditch***, 917 A.2d at 322.

Accordingly, we would conclude that the trial court properly regarded this

case as a medical malpractice suit.

Next, in issues A, B, and F *supra*, Mr. Vianello alleges that the trial

court improperly entered a judgment of *non pros*. He claims that "it was

incorrect for the Prothonotary to enter a judgment [of] *non*[]*pros* under

Pa.R.C.P. 1042.12[6] and said judgment [of] *non*[]*pros* should be and must

be opened, vacated, and stricken." Mr. Vianello's Brief at 8.[7]

---

[6] Rule 1042.12 sets forth, among other things, that the prothonotary, on praecipe of the defendant, shall enter a judgment of *non pros* against a plaintiff for failure to file a written statement from an appropriate licensed professional under Rule 1042.3(e). ***See*** Pa.R.C.P. 1042.12.

[7] At the outset, we note that "[a]ny appeal related to a judgment of *non pros* lies not from the judgment itself, but from the denial of a petition to open or strike." ***Madrid v. Alpine Mountain Corp.***, 24 A.3d 380, 382 (Pa. Super. 2011) (citations omitted). Further,

> [w]hen reviewing the denial of a petition to strike and/or open a judgment of *non pros*, we will reverse the trial court only if we find a manifest abuse of discretion. It is well-established that a motion to strike off a judgment of *non pros* challenges only defects appearing on the face of the record and that such a motion may not be granted if the record is self-sustaining. Additionally, the rule governing relief from judgment of *non pros* indicates in pertinent part:
>
> > (b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that
> >
> > > (1) the petition is timely filed,
> > >
> > > (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

*(Footnote Continued Next Page)*

We view this argument as challenging the requirements of Rule 1042.3. Rule 1042.3 states the following:

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

…

(e) If a certificate of merit is not signed by an attorney, the party signing the certificate of merit shall, in addition to the other requirements of this rule, attach to the certificate of merit the written statement from an appropriate licensed professional as required by subdivisions (a)(1) and (2). If the written statement is not attached to the certificate of merit, a defendant seeking to enter a judgment of *non pros* shall file a written

*(Footnote Continued)* ————————————

(3) there is a meritorious cause of action.

Pa.R.C.P. 3051(b).

***Varner v. Classic Communities Corp.***, 890 A.2d 1068, 1072 (Pa. Super. 2006) (some internal citations and quotation marks omitted).

notice of intent to enter a judgment of *non pros* for failure to file a written statement under Rule 1042.11.

Pa.R.C.P. 1042.3(a), (e) (accompanying notes omitted).

In the case *sub judice*, Mr. Vianello claims that no written statement from an appropriate licensed professional is required because he had previously designated in his certificates of merit that, as set forth in Rule 1042.3(a)(3) *supra*, "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant." Mr. Vianello's Brief at 7. Yet, our review of the record shows that when he filed his certificates of merit, Mr. Vianello simultaneously stated that, as reflected in Rule 1042.3(a)(1), "an appropriate professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm[.]" ***See, e.g.***, Certificate of Merit as to Hanif Bey, 3/9/2016, at 1 (single page).[8]   Based on this

_____

[8] Mr. Vianello also stated in the certificates of merit that, as laid out in Rule 1042.3(a)(2),

> the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill, or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the

*(Footnote Continued Next Page)*

indication — and because he advances a medical malpractice claim, as discussed above — Mr. Vianello was required to attach, under Rule 1042.3(e), a written statement from an appropriate licensed professional to his certificates of merit.  **See** Pa.R.C.P. 1042.3(e).  Accordingly, we would agree with the trial court that a written statement was required, and a judgment of *non pros* could be entered because Mr. Vianello did not supply it.[9]

Finally, in issues E and G *supra*, Mr. Vianello claims that his constitutional "right to sue" has been violated.  **See** Mr. Vianello's Brief at 2.  He argues that "Pa.R.C.P. 1042.1 *et*[] *seq*[.] sets up a mine-field that discourages and blocks openness of the courts[,]" and unfairly "requires *pro se* litigants to file a statement, but not represented litigants to file such a statement."  **Id.** at 8.  Further, he insists that "[a]llowing a *non*[]*pros* judgment to be taken for failure to file a certificate of merit impermissilibly

_____
*(Footnote Continued)*

    subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm[.]

**See, e.g.**, Certificate of Merit as to Hanif Bey, 3/9/2016, at 1 (single page).

[9] Appellees also observe that Mr. Vianello "has not provided any explanation, reasonable or otherwise, for his failure to file a proper certificate of merit and written statement.  As a result, the trial court did not abuse its discretion in denying [Mr. Vianello's] motion to open the judgment of *non pros*."  Appellees' Brief at 16.  **See also Varner**, 890 A.2d at 1072 (explaining that a petition to open a judgment of *non pros* must allege, *inter alia*, "a reasonable explanation or legitimate excuse for the inactivity or delay").

- 12 -

[*sic*] short-circuits th[e] peaceful, non-violent, and orderly resolution of disputes[,]" and "lawuits [*sic*] without merit should be dismissed … only … through regular pleadings such as preliminary objections and only after a determination by a trial court of lack of merit." **See** Mr. Vianello's Reply Brief at 2. Mr. Vianello avers that "[t]he insurance companies have managed to obtain special rules to short-circuit regualr [*sic*] order to their benefit. That cannot be permited [*sic*]. Thus the taking of a judgment [of] *non pros* for failure to file a certificate of merit should and must be held unconstitutional[.]" **Id.**

In response, the trial court explained that it "see[s] no evidence that suggests the rule is unconstitutional. The rule ensures that malpractice claims with merit are backed up by medical testimony in prosecution of cases." TCO at 5. Indeed, our Supreme Court has explained that it adopted Rule 1042.1 *et seq*. because it was "concerned that this trend [of more malpractice actions being commenced] would lead to an increase in the filing of malpractice claims of questionable merit, and sought to avoid the burdens that such claims impose upon litigants and the courts." **Womer**, 908 A.2d at 266. As a result, it "exercised [its] rule-making authority to devise an orderly procedure that would serve to identify and weed [out] non-meritorious malpractice claims from the judicial system efficiently and promptly." **Id.** (citations omitted). With respect to Rule 1042.3(e)'s requirement that a written statement from an appropriate licensed professional be attached to a certificate of merit not signed by an attorney,

- 13 -

we point out that "only an attorney is subject to disciplinary proceedings for abusing the rules of civil procedure governing certificates of merit." **See** Pa.R.C.P. 1042.12 cmt. Thus, given the vague and meager arguments made by Mr. Vianello, we would agree with the trial court that Rule 1042.1 *et seq.* does not violate his constitutional rights. Based on the foregoing, we affirm the trial court's order denying Mr. Vianello's motion to open and/or strike the judgment of *non pros*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2017