PARKWAY CORPORATION and Scottsdale Insurance Company as Subrogee of Parkway Company, Appellant,

v.

Margolis EDELSTEIN and Jonathon Herbst, Esquire Appellee.

Superior Court of Pennsylvania.

Argued June 23, 2004.
Filed Aug. 4, 2004.
Reargument Denied Oct. 7, 2004.

John O'Rourke, Jr., Norristown, for appellants.

Thomas J. Duffy, Philadelphia, for appellee.

Before: HUDOCK, ORIE MELVIN and MONTEMURO *, JJ.

OPINION BY MONTEMURO, J.:

¶ 1 This appeal lies from an order denying Appellants' application to open a judgment of *non pros* in a suit based on allegations of legal malpractice, and presents an issue of first impression concerning the application of Pa.R.C.P. 1042.3 requiring the submission of a certificate of merit in professional liability actions.

¶ 2 Pa.R.C.P. 1042.3 provides in pertinent part:

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

---

* Retired Justice assigned to Superior Court.

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm ...

(d) The court, upon good cause shown shall extend the time for filing a certificate of merit for a period not to exceed sixty days. The motion to extend the time for filing a certificate of merit must be filed on or before the filing date that the plaintiff seeks to extend....

¶ 3 In 1996, Appellees acted as defense counsel in a wrongful death action which resulted in a verdict against Appellants for approximately $7 million. The complaint commencing the instant suit on August 22, 2003, was unaccompanied by a certificate of merit, and Appellants failed to request an extension of the filing period. On November 25, 2003, Appellees successfully moved for judgment of *non pros,* and, after the trial court had denied Appellants' Petition to Open and/or Strike to which they had attached the necessary certificate, this appeal followed.

■ ¶ 4 Pa.R.C.P. 3051 provides that:

(a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it must be asserted in a single petition.

(b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that

(1) the petition is timely filed,

(2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

(3) there is a meritorious cause of action.

"A trial court's decision to deny a petition to open or strike a judgment of *non pros* is scrutinized on the abuse of discretion standard of appellate review." *Stephens v. Messick,* 799 A.2d 793, 798 (Pa.Super.2002).

¶ 5 As noted above, the proper application of Rule 1042.3 is an issue of first impression in this Court.[1] In their appeal, Appellants claim that the trial court abused its discretion in refusing to open the judgment as they had substantially complied with the certificate of merit requirements, and that the court's refusal reflected a failure both to apply the standards for opening a *non pros* and to balance the equities.

¶ 6 In *Sahutsky v. H.H. Knoebel Sons,* 566 Pa. 593, 782 A.2d 996, 998 (2001), our Supreme Court reiterated Pa.R.C.P. 127, which provides that: "Every rule shall be construed, if possible to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." In fact, all of Appellants' claims are permutations

---

**1.** The Commonwealth Court has examined the matter in *Koken v. Lederman,* 840 A.2d 446 (Pa.Cmwlth.2003). There a judgment of *non pros* was entered after the third party plaintiffs, former officers and directors of an insurance company who were defendants in a suit by the Insurance Commissioner, failed to submit a certificate of merit or request an extension of the deadline to do so in their own action against the company's accountants.

In *Koken,* the appellants advanced a number of arguments attempting to explain their failure to submit the certificate, including impossibility, based on the absence of some (unspecified) documents, and lack of necessity, based on the inclusion of claims other than professional negligence in their third party complaint. They offered no explanation as to why they failed to seek an extension. None of their contentions was successful.

of the same argument, that certain of their actions are sufficient to satisfy the Rule consistent with its spirit, and that the trial court erred in refusing to construe the Rule liberally when faced with their Petition to Open and/or Strike the judgment.

■ ¶ 7 Appellants first contend that substantial compliance inheres in the preparation by two senior attorneys, partners in Appellant law firm, of an outline describing Appellees' defective performance in the underlying matter and of which Appellees were aware. This outline, it is argued, suffices to meet the Rule's requirement of a written statement by "an appropriate licensed professional" that negligence had, in fact, occurred. Moreover, Appellants insist that verification by their attorney also constitutes substantial compliance as it operates as "the functional equivalent of a certificate of merit." (Appellants' Reply Brief at 13). Thus, "[a]lthough [Appellants] never technically filed a Certificate of Merit," (Petition to Open and/or Strike Judgment of Non Pros at 6), they assert they have, to all intents and purposes, complied with the Rule.

¶ 8 Acceptance of Appellants' claim would require us to ignore a number of matters. First, and most critically, it assumes a very broad definition of "appropriate licensed professional." The *Note* to Rule 1042.3(a)(1) explains that the person supplying the certificate need not be the same person who will actually testify at trial, but that he or she be "an expert with sufficient education, training, knowledge and experience to provide credible, competent testimony." This, presumably, would describe, in the most superficial way, most if not all of the members of the firm representing Appellants. However, were the licensure status conferred by education and training enough, no rule requiring a certificate need have been adopted; memos concerning the viability of a proposed action from other members of a firm as to the merits of a given case are not uncommon.

¶ 9 What is problematic about Appellants' argument, and indeed self evident where the experts relied upon have been personally involved in the litigation,[2] is that their credibility as to "certification" is inherently suspect; each of these persons has a vested interest in presenting the case as positively as possible. Their value as putative witnesses would be seriously compromised by this fact alone. Hence, "appropriate" has several aspects, one strictly professional, and one contextual.

■ ¶ 10 Attorney verifications are similarly unsatisfactory substitutes for a certificate of merit. Pa.R.C.P. 1024(a) provides that what is being verified is any "averment of fact not appearing of record in the action or ... denial of fact," not an assessment of the acts "outside acceptable professional standards." Moreover, absent a party or counsel, verification can be provided by "any person having sufficient knowledge or information and belief," Pa. R.C.P. 1024(c), dispensing with the need for examination of the claim by an "appropriate licensed professional."

¶ 11 Finally, and less critically, the format for the Certificate of Merit is prescribed by Rule 1042.8, and neither a memorandum nor, especially, a verification presents "substantially" the same form as appears in the Rule.

■ ¶ 12 Next Appellants insist that because an actual certificate accompanied the Petition, which was filed only a few days

---

**2.** Counsel who prepared the memo represented Appellants in the appeal of the underlying matter.

after Appellants' received Appellees' praecipe to enter judgment, any deficiency was "cured." (Petition to Open and/or Strike Judgment of Non Pros at 8). This is referred to as a "reasonable excuse." (*Id.* at 7). However, the fact remains that Appellants failed to comply with the specific time requirements of the Rule either by submitting a Certificate with the Complaint, or requesting an extension of time to do so. There is no reasonable excuse to be found in afterthoughts.

¶ 13 It is also claimed that Appellees never revealed the necessity for a Certificate in their answer to the Complaint or during case management conferences, and thus are estopped from seeking *non pros.* Indeed, Appellants' claim that Appellees violated a specific Order directing them to address "all relevant issues" concerning, *inter alia,* "pleadings, discovery . . . or defenses," (Order of October 21, 2003), by failing to raise the absence of the Certificate at a case management conference on November 24, 2003. No claim that a court order was violated appears in Appellants' Petition to Open and/or Strike. It is accordingly not before us. *See* Pa. R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Even had the issue appeared, we would remain unpersuaded: in their Petition Appellants state that "[d]uring the conference [of November 24, 2003] all issues regarding discovery and deadlines were discussed." (Petition to Open and/or Strike Judgment of Non Pros at 6). Thus, the claim of violation seems hyperbolic at best.

¶ 14 Otherwise, Appellees did, indeed, omit to mention the necessity for a certificate of merit, but were under no obligation to inform Appellants of their procedural responsibilities. Nothing requires Appellees to point out to their adversaries potential procedural blunders or failure to fulfill unnoticed requirements. There is especially no necessity for notice to be given of intent to file a praecipe for *non pros,* as the *Note* to Rule 1042.6 specifically states that Rule 237.1 "does not apply to a judgment of non pros entered under this rule."

¶ 15 Further Appellants argue that "[h]ad [Appellees] not answered as mandated by Pa.R.Civ.P. 1042.4, [Appellants] would have been alerted to the need to file a certificate of merit, and would have done so in a timely manner." (Appellants' Brief at 11).

¶ 16 Pa.R.C.P. 1042.4 provides that

A defendant against whom a professional liability claim is asserted shall file a responsive pleading within the time required by Rule 1026 or within twenty days after service of the service of the certificate of merit, whichever is later.

Rule 1026 directs that "every pleading shall be filed within twenty days after service of the previous pleading." Indeed, it seems likely that had Appellees failed to answer the Complaint, Appellants would have taken any available advantage of that lapse, but not necessarily by filing a certificate. The Rule does not clarify the steps to be taken where no Certificate has been filed other than the praecipe for entry of *non pros.* Moreover, Pa.R.C.P. 1042.6(a) specifically and categorically directs the prothonotary, "on praecipe of the defendant" to "enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided that there is no pending timely filed motion seeking to extend the time to file a certificate." Here Appellants never moved for extension.

¶ 17 Appellants also argue that because Rule 1042.3 is new, and "this Court has traditionally shown leniency in comparable circumstances," (Appellants' Brief at

12) their actions should be interpreted as presenting substantial compliance. However, because this request does not appear in the Petition to Open and/or Strike, it is waived under Rule 302.

¶ 18 Finally, we note that Appellants rely on our Supreme Court's ruling in *Feingold v. SEPTA,* 512 Pa. 567, 517 A.2d 1270, 1272 (1986), for the proposition that procedural errors are to be overlooked where substantial compliance has occurred and prejudice to the opposing party has not. However, their assertion of compliance is at odds with both the technical and substantive requirements of the Rule, and they have produced no "reasonable explanation or legitimate excuse" (Pa. R.C.P.3051(b)(2)) for their omissions, offering only ignorance as justification. We therefore find no abuse of discretion in the trial court's entry of the judgment of *non pros.*

¶ 19 Order affirmed.