## Harris v. Balanced Care of Altoona

C.P. of Blair County, no. 2005 GN 3828.

*Frederick B. Gieg Jr.,* for plaintiff.
*Marc T. Levin,* for defendant.

SULLIVAN, *J.,* October 24, 2006—This matter comes before the court on plaintiff's petition to open judgment of non pros.

### FACTUAL/PROCEDURAL HISTORY

Plaintiff initiated this action with the filing of a complaint on June 28, 2005 against defendant, Balanced Care at Altoona Inc. d/b/a Outlook Pointe at Altoona alleging that while the plaintiff was a resident at Outlook Pointe at Altoona, she suffered harm due to the defendant's

failure to provide proper personal, nursing and medical care. Following the defendant's filing of preliminary objections, the plaintiff filed an amended complaint on August 16, 2005.

The defendant filed its answer and new matter on September 16, 2005, and the plaintiff filed an answer to new matter on October 3, 2005. On July 5, 2006, a praecipe for entry of judgment of non pros pursuant to Rule 1042.6 was filed by the defendant and a judgment of non pros for failure to file a certificate of merit was filed on July 24, 2006.

The plaintiff filed the subject petition to open judgment of non pros on August 1, 2006, followed by a memorandum in support of the petition on September 22, 2006. The defendant filed a brief in opposition to the plaintiff's petition on August 21, 2006, as well as a reply brief in opposition to the plaintiff's petition to open on October 4, 2006. Having reviewed these submissions by the parties, we now proceed to disposition.

## DISCUSSION

Pursuant to Pa.R.C.P. 3051, the plaintiff has filed a petition to open judgment of non pros requesting relief from the judgment of non pros which was entered against the plaintiff for failure to file a certificate of merit. Pa.R.C.P. 3051, titled relief from judgment of non pros, states that "[i]f the relief sought includes the opening of the judgment, the petition shall allege facts showing that (1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and (3) there is a meritorious cause of action."

Here, the defendant's petition to open was timely filed, as the judgment of non pros was entered on July 24, 2006, served on the defendant July 26, 2006, and the petition to open was filed August 1, 2006. As there was no unreasonable delay between the date of the judgment of non pros and the date the petition to open judgment was filed, the first prong necessary to obtain relief has been met.

The second prong requires there be a reasonable explanation or legitimate excuse for not filing the certificate of merit. The plaintiff argued in her petition to open that no certificate of merit was filed because one was not required, as the defendant is in an assisted living facility and not a licensed professional, and the claims are based on negligence, negligence per se, and corporate liability, not professional liability.

The defendant argues that despite the cause of action not being labeled as a professional liability claim, the complaint nonetheless is based on its capacity as a licensed professional, and a certificate of merit was necessary, and the substance of the allegations clearly sound in professional liability, particularly in light of the defendant being a licensed professional under 40 P.S. §1303.503.

In reviewing the plaintiff's complaint and amended complaint, the wrongdoings alleged clearly arise out of the defendant's capacity as a licensed professional and in its capacity as a nursing home[1] caring for the plaintiff.

---

1. We note that a nursing home is a "health care provider" as defined under 40 P.S. §1303.503, requiring a certificate of merit for all health care providers.

Included in the complaint are allegations that the defendant violated several sections of 42 C.F.R. §483, which applies to "long-term skilled nursing facilities," that they offered "nursing care" and "medical care," and that the defendant was in charge of caring for the plaintiff but failed in the care in that the plaintiff suffered bedsores, was not properly administered prescription medication, and was not kept in a facility with adequate sanitary conditions. (See plaintiff's amended complaint, August 16, 2005.)

As the plaintiff's actions sound in professional liability and the defendant is a licensed professional, a certificate of merit was necessary for the plaintiff's claim to proceed.[2] *Dobos v. Pennsbury Manor,* 878 A.2d 182 (Pa. Commw. 2005) (nursing homes expressly included as health care provider and the court concluded that the plaintiff alleged the defendant was a licensed professional and was obligated to provide a certificate of merit); *Harper v. Manor Care Inc.,* 77 Bucks Cty. L. Rep. 444 (2004), *aff'd,* 867 A.2d 653 (Pa. Super. 2004), *app. denied,* 584 Pa. 701, 882 A.2d 1006 (2005) (in any actions based upon an allegation that a licensed professional deviated from an acceptable professional standard, a certificate of merit shall be filed); *Yee v. Roberts,* 878 A.2d 906 (Pa. Super. 2005) (a complaint predicated upon facts constituting medical treatment which involve care by licensed professionals, the action must be characterized as a professional negligence action).

---

2. We also note that the plaintiff did not argue that a certificate of merit was unnecessary in her memorandum in support of petition to open judgment of non pros.

As the plaintiff has not filed for an extension of time to file a certificate of merit, and one is required, we must *deny* the plaintiff's petition to open judgment of non pros.

We recognize the plaintiff argues that the defendant failed to file its praecipe for judgment of non pros in a timely manner pursuant to *Whitsel v. PennDOT,* 2005 WL 4122161 (C.C.P. 2005). However, there is no time limitation mandated by Pa.R.C.P. 1042.6 regarding when a defendant must file the entry of a judgment of non pros for failure to file a certificate of merit. However, *Whitsel* is not binding on this court and its holding that a praecipe for judgment of non pros should follow the 20-day time limitations under Pa.R.C.P. 1042.4, regarding when responsive pleadings should be filed, is incongruent with current authoritative case law.

Although the *Whitsel* court recommended that a praecipe for judgment of non pros should be filed within 80 days of the complaint, the Superior Court has not agreed. In *Parkway Corp.* v. *Margolis Edelstein,* 861 A.2d 264 (Pa. Super. 2004), the defendant filed a praecipe for judgment of non pros over 120 days following the filing of the complaint and had engaged in conferences with plaintiff's counsel in the course of those 120 days. Similarly, in *Dobos, supra,* the praecipe for judgment of non pros was filed nearly 180 days after the plaintiff filed the complaint. *Id.* at 183. Neither the Superior Court nor the Commonwealth Court objected to these lapses of time before the praecipe was filed, but rather held "[n]othing requires appellees to point out to their adversaries potential procedural blunders." *Parkway Corp.,* 861 A.2d at 268.

Although the plaintiff argues she is prejudiced due to the defendant's filing the praecipe subsequent to the statute of limitations running, we do not agree with her position. We recognize that the plaintiff could have refiled the complaint subsequent to a judgment of non pros had the statute of limitations not run. *Gordon-Stuart Ltd. v. Allen Shops Inc.,* 239 Pa. Super. 35, 361 A.2d 770 (1976). However, as the Superior Court and Commonwealth Court have stated, it is not the duty of the defendant to provide the plaintiff with an opportunity to remedy her procedural failure by filing the judgment of non pros prior to the statute of limitations running. See *Parkway Corp. v. Margolis Edelstein,* 861 A.2d 264 (Pa. Super. 2004); *Dobos v. Pennsbury Manor,* 878 A.2d 182 (Pa. Commw. 2005).

Accordingly, we enter the following:

## ORDER

And now, October 24, 2006, it is hereby ordered, directed and decreed that the plaintiff's petition to open judgment of non pros is hereby denied and dismissed.