J-S09018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KYOUNG JA KIM AND CHANG SOON KIM | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 2169 EDA 2020 |
| YUN & ASSOCIATES, P.C., KATHLEEN BANG WHAN CHUNG, MYOUNG JA JHANG, KOREA WEEK, CHANG HI YUN, AND CHRISTINE YUN | : | |

Appeal from the Order Entered October 7, 2020
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2018-29153

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED JUNE 21, 2021**

Kyoung Ja Kim and Chang Soon Kim (Appellants) appeal from the order entered in the Montgomery County Court of Common Pleas, denying their second petition to open a default judgment entered against them in the amount of $900,000, based upon their failure to respond to counterclaims filed by Yun & Associates, P.C., Kathleen Bang Whan Chung, Myoung Ja Jhang, Korea Week, Chang Hi Yun, and Christine Yun (collectively, Appellees).  On appeal, Appellants contend their petition to open was timely filed considering the circumstances, provided a reasonable explanation for their failure to file a responsive pleading, and presented a meritorious defense to the allegations of fraud in the counterclaims.  For the reasons below, we affirm.

The trial court summarized the underlying facts and procedural history as follows:

> [O]n December 18, 2018, Appellants filed a civil complaint, *pro se*, against [Appellees] to recover damages allegedly suffered as a result of [Appellees'] publishing of defamatory statements in the November 30[,] 2008 issue of the Korea Week newspaper.

Trial Ct. Op. 12/29/20, at 1.

Appellees filed an answer, with new matter and counterclaims, on June 11, 2019, which they mailed to Appellants' place of business at 1001 W. Cheltenham Avenue in Elkins Park, Pennsylvania. *See* Appellees' Answer, New Matter, & Counterclaim, 6/11/19, at 22. They alleged Appellants created a "non-profit scheme[ by setting up non-profit schools and related organizations] to make profits by selling fake degrees, transcripts[,] and pastor licenses[,] and by stealing the tuition and school fund of non-profit schools." *Id.* at 3. At the time Appellees filed their responsive pleadings, they had a pending lawsuit in the Eastern District of Pennsylvania regarding these allegations. *Id.* at 3-6. When Appellants did not respond to the counterclaims within 20 days, Appellees served Appellants with a notice of default judgment on July 8, 2019. *See* Pa.R.C.P. 1026(a).

> On November 21, 2019, pursuant to Pa.R.C.P. 1037(b), default judgment was entered by the prothonotary against Appellants in the amount of $900,000, for failure to plead to Appellees' new matter and counterclaim within the required time.
>
> On December 20, 2019, represented by new counsel, [Oliver Inslee, Esquire,] Appellants filed their initial petition to open default judgment. On February 7, 2020, the trial court denied Appellants' petition for failure to file a proper petition to

- 2 -

open default judgment, pursuant to Pa.R.C.P. 237.3(a)[.FN] Appellants did not appeal from the February 7, 2020 order.

Instead, on July 6, 2020, Appellants took the unprecedented act of filing a second petition to open default judgment. On October 7, 2020, [after an October 6, 2020[,] hearing via video conference,] Appellants' petition was dismissed by trial court order. On November 5, 2020, Appellants filed this appeal.

_____

[FN] Appellants failed to attach a copy of their proposed answer to the counterclaim asserted by Appellees. Failure to do so resulted in the trial court's inability to assess the merits of the alleged defenses asserted in Appellants' petition which resulted in the denial of Appellants' petition.

Trial Ct. Op. at 2.

In response to the trial court's order, Appellants timely filed a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

Appellants raise the following issue on appeal:

Did the [t]rial court err in denying the second petition to open default judgment when [A]ppellants had promptly filed a petition to open given the circumstances, provided a reasonable explanation for failing to file a responsive pleading, and had presented a meritorious defense to the allegations of fraud in the counterclaim?

Appellants' Brief at 2.

The standard of review for a petition to open judgment is well settled:

[A] petition to open a default judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal. An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will.

***Myers v. Wells Fargo Bank, N.A.***, 986 A.2d 171, 175 (Pa. Super 2009) (citation omitted).

> Preliminarily, we note:
>
> [A] default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint. Moreover, we note the trial court cannot open a default judgment based on the "equities" of the case when the defendant has failed to establish all three of the required criteria.

***Myers***, 986 A.2d at 175-76 (Pa. Super 2008) (citations and footnote omitted).

Appellants contend the trial court erred in denying their second petition to open the default judgment because they established "the three elements necessary to open the default judgment against them." Appellants' Brief at 11.

Regarding the first requirement – prompt filing – Appellants argue their "circumstances [ ] must be taken into consideration[ ]" because they "promptly filed their [first] petition to open" only one month after the trial court entered default judgment. Appellants' Brief at 11-12. Appellants' second petition to open, filed on July 6, 2020, was "228 days after the default judgment's entry onto the docket." ***Id.*** at 11. Appellants contend, though, that since the trial court "ruled on the first petition to open [ ] on February 7, 2020[,]" their second petition was filed only "150" days after the trial court's denial of their first petition to open. ***Id.*** Appellants point to the Covid-19 pandemic as being a "source of further delay in filing" their petition, stating

- 4 -

communications with counsel "became difficult[ ]" and courts were "operating at differing and lesser degrees[.]" *Id.* at 12. Appellants insist they "filed their petition to open judgment as promptly as they could[,] given the pandemic[.]" *Id.*

Next, Appellants argue they met the second requirement because they "offered a justifiable excuse for the delay that caused the default judgment." Appellants' Brief at 12-13. Appellants maintain that "[a]s *pro se* plaintiffs they may not have had the means to monitor the legal proceedings . . . and they may not have had knowledge of the need to answer a counterclaim." *Id.* at 13. Moreover, Appellants claim that at the time Appellees filed the counterclaims and mailed them to their workplace, their brother was operating their place of business, and he "did not provide [them] with [the] notices." *Id.* at 13-14. Furthermore, they aver that in August of 2019, a "vehicle crashed into [Appellants'] office space" and their "efforts or knowledge of the proceedings [were] further delayed" because of the damage to the office. *Id.* at 14. Appellants insist the trial court "erred in ruling that [their] circumstances [ ] did not provide a legitimate excuse" for the filing delay. *Id.* at 15.

Regarding the third requirement, Appellants argue they have provided a meritorious defense "that would afford them relief from the allegations" in Appellees' new matter and counterclaims. Appellants' Brief at 15. In their proposed reply and answer, they "denied the claims of fraud[ ]" and averred Appellees "fail[ed] to present a claim upon which relief could be granted"

because Appellees had no standing and the statute of limitations passed. *Id.* at 15-16. Appellants insist they should "receive an opportunity to have the case decided on the merits" and the trial court's denial of their second petition to open was "manifestly unreasonable given the circumstances." *Id.* at 16. We conclude no relief is warranted.

Regarding the first prong of the test, timely filing of the petition, we note:

> The timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default judgment is received. The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timel[y]. Instead, the court must consider the length of time between discovery of the entry of the default judgment and the reason for delay.
>
> * * *
>
> In cases where the appellate courts have found a "prompt" and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month. *See Duckson v. Wee Wheelers, Inc.*, 620 A.2d 1206 (Pa. Super. 1993) (one day is timely); *Alba v. Urology Associates of Kingston*, 598 A.2d 57 (Pa. Super. 1991) (fourteen days is timely); *Fink v. General Accident Ins. Co.*, 594 A.2d 345 (Pa. Super. 1991) (period of five days is timely).

*Myers*, 986 A.2d at 176, *citing* **US Bank N.A. v. Mallory**, 982 A.2d 986, 995 (Pa. Super. 2009) (citation omitted).

Here, the trial court entered default judgment on November 21, 2019. Appellants filed their first petition to open on December 20, 2019. The trial court denied this petition for failure to "to attach a copy of their proposed answer to the counterclaims asserted by Appellees" pursuant to Pa.R.C.P.

237.3(a). Trial Ct. Op. at 2 n.1; **see** Pa.R.C.P. 237.3(a) ("A petition for relief from a judgment . . . by default . . . shall have attached thereto a copy of the . . . answer which the petitioner seeks leave to file"). Instead of appealing that order, Appellants filed a second petition to open on July 6, 2020. The trial court denied Appellants second petition as "procedurally improper" and untimely.[1] **Id.** at 2-3. The trial court found Appellants "failed to avail themselves of their appeal rights" following the entry of the February 2020 order. **Id.** Thus, the trial court concluded it "would have been unreasonable and a clear abuse of discretion for [it] to entertain and ultimately grant Appellants' procedurally improper second petition." **Id.** at 4. We agree.

Appellants note that while the second petition was filed "228 days after the default judgment's entry onto the docket[,]" it was only "150 [days] after the trial court's first denial of their petition to open." Nevertheless, a delay of 150 days is still presumptively untimely. **See Myers**, 986 A.2d at 176, *citing* **US Bank N.A.**, 982 A.2d at 995 ("[T]he period of delay has normally been less than one month" for a filing to be considered "prompt" and "timely"). Since Appellants cannot satisfy the first prong to open a default judgment, we

_____

[1] Appellants state their second petition should be considered timely due to the hardships they faced because of the Covid-19 pandemic. Appellants' Brief at 12. Our Supreme Court issued an emergency order providing relief from filing deadlines after March 19, 2020. **See In re Gen. Statewide Jud. Emergency**, 230 A.3d 1015, 1017 (Pa. 2020) (extending filing deadlines for all legal papers "which are required to be filed between March 19, 2020, and May 8, 2020" to May 11, 2020). Appellants' appeal deadline from the February 7, 2020, order expired March 9, 2020, and thus cannot justify their untimely petition.

conclude no relief is due. ***See id.*** ("[T]he trial court cannot open a default judgment based on the 'equities' of the case when the defendant has failed to establish all three of the required criteria").

Moreover, Appellants cannot satisfy the second prong of the test, providing a reasonable excuse or explanation for the delay. Appellants claim they initially filed their complaint *pro se* and "may not have had the means to monitor the legal proceedings surrounding" their complaint or Appellees' counterclaims and answer. Appellants' Brief at 13. Appellants' believe this entitles them not to be held to the same standard as counseled litigants. However, this Court has stated:

> The fact that appellant initially proceeded *pro se* does not absolve him of the responsibility to comply with procedural rules, new or old. ***See Commonwealth v. Abu-Jamal***, 555 A.2d 846, 852 (Pa. 1989) (pro se litigant is subject to same rules of procedure as is a counseled defendant).

***Hoover v. Davila***, 862 A.2d 591, 595-96 (Pa. Super. 2004). Thus, Appellants' initial *pro se* status does not provide them with relief.

Further, Appellants' unsupported claim that their brother did not provide them with "notices" of the pleadings mailed to their business address, will also not satisfy the second prong. ***See*** Appellants' Brief at 14; ***see also*** Pa.R.C.P. 440(a)(2)(i) (If there is no attorney of record, service shall be made by . . . mailing a copy to or leaving a copy for the party at . . . the residence or place of business of the party"). Appellants also claim a vehicle crashed into their business on August 13, 2019, causing damage which further delayed their knowledge of the pleadings. ***Id.*** at 14; Appellants' Second Petition to Strike

and/or Open Default Judgment, 7/6/20, at 5. However, Appellees filed the counterclaims on June 11, 2019, and provided notice of default on July 8, 2019 – approximately one month **before** the purported vehicle crash. Appellants had two months from the filing date of Appellees' pleadings and one month following the notice of default to learn of the counterclaims against them before the vehicle crash. Thus, we conclude Appellants did not provide a reasonable excuse or explanation for their failure to respond to the counterclaims, and accordingly, no relief is due. *See Parkway Corp. v. Edelstein*, 861 A.2d 264, 269 (Pa. Super. 2004) (stating appellants did not provide "reasonable explanation or legitimate excuse" when they "offer[ed] only ignorance as justification"); *Hoover*, 862 A.2d at 595-96.

Because Appellants cannot satisfy all three criteria to open the default judgment, we conclude the trial court did not abuse its discretion in dismissing Appellants' petition. Accordingly, we affirm the order denying Appellants' petition to open.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 6/21/2021*