J-A24002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SUSAN LLOYD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VETERINARY ORTHOPEDIC | : | No. 456 EDA 2024 |
| SERVICES, LTD., VETERINARY | : | |
| SPECIALISTS OF NORTH AMERICA | : | |
| LLC, AA, JACKIE DION, KRISTIN | : | |
| VANCALMTHOUT, CHANDRA | : | |
| CARROLL, TRACY MANSETO SPESAK, | : | |
| UNKNOWN AA VET TECH, AUSTIN | : | |
| O'CONNELL, GAEMIA TRACY, | : | |
| JENNIFER SAVINI, EMILIANA | : | |
| HENNELLY, BRIANNA MCKENNA, | : | |
| JUSTIN GUINAN, KAREN D'LAURO, | : | |
| KALEIGH CHABRA, MICHAEL MILLER, | : | |
| EXTON VET CLINIC, SHANNON | : | |
| STANEK, WEST CHESTER | : | |
| VETERINARY MEDICAL CENTER, PET | : | |
| VET CARE CENTERS PA LLC, AND | : | |
| SYNCHRONY BANK | : | |

Appeal from the Order Entered January 11, 2024
In the Court of Common Pleas of Chester County Civil Division at No(s):
2022-04071-PL

BEFORE:  LAZARUS, P.J., KING, J., and LANE, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED JULY 2, 2025**

Susan Lloyd appeals, pro se, from the order, entered in the Court of

Common Pleas of Chester Country, granting summary judgment in favor of

Exton Vet Clinic (Exton) and Shannon Stanek (Stanek) (collectively,

Appellees), and denying Lloyd's motion for leave to file a third amended

complaint in this civil action. Lloyd also challenges rulings made in seven other orders. After careful review, we affirm.

This case arises from the death of Lloyd's 16-year-old Shih Tzu, Domino, on December 2, 2021. Lloyd took Domino to Exton, where he was treated by Stanek, a veterinarian, on the same day he died. On June 9, 2022, Lloyd filed suit against Appellees and others,[1] alleging: fraud; negligent and/or fraudulent misrepresentation; violation of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1—201-10; violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101—12213; veterinary malpractice and/or negligence and/or gross negligence; defamation and defamation per se and defamation by implication; breach of fiduciary duty/respondeat superior; res ipsa loquitur; violation of the Fair Debt Collection Practice Act, 15 U.S.C. §§ 1692-1692p; violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681—1681x; intentional and/or negligent infliction of emotional distress; the unconstitutionality of the certificate of merit requirement under the Medical Care Availability and Reduction of Error

---

[1] **See** Per Curiam Order, 4/15/24 (granting motion to dismiss as to all defendants but Appellees from instant appeal). **See also** Order, 1/13/23, at 1, n. 1 (trial court dismissing certain defendants upon grant of motion to discontinue).

Act (MCARE);[2] and that "Domino's Law" should be created.[3] *See* Lloyd's First

Amended Complaint, 7/22/22, at 1 (unpaginated).

On June 10, 2022, and, again, on August 8, 2022, Lloyd filed certificates

of merit, a prerequisite for professional malpractice actions.[4] In both

_____

[2] 40 P.S. §§ 1303.101—1303.910.

[3] Lloyd seeks the creation of "Domino's Law," which would allow people in Pennsylvania to pursue compensation for the death of a pet by the negligent actions of a licensed professional.

[4] Pennsylvania Rule of Civil Procedure 1042.3, in relevant part, provides:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either[:]
>
> > (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill[,] or knowledge exercised or exhibited in the treatment, practice[,] or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
> >
> > (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
> >
> > (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.
>
> (b)(1) A separate certificate of merit shall be filed as to each licensed professional against whom a claim is asserted.

*(Footnote Continued Next Page)*

instances, Lloyd failed to attach to those certificates a written statement from an appropriate licensed professional, which is required when an attorney does not sign the certificate of merit.[5]  On September 12, 2022, Appellees filed a notice of intent to enter judgment of non pros for failure to file a written statement.[6]  Upon praecipe, on October 12, 2022, the prothonotary entered a judgment of non pros in favor of Appellees on all of Lloyd's claims.[7]  On October 14, 2022, Lloyd filed a petition to open/strike non pros.[8]  On June 19, 2023, the trial court granted, in part, and denied, in part, Lloyd's petition, concluding that non pros was proper as to Lloyd's claims within the scope of Pa.R.C.P. 1042.3(a)(1) and (2), and opened the judgment of non pros for Lloyd's claims within the scope of Rule 1042.3(a)(3).  On January 11, 2024,

_____

Pa.R.C.P. 1042.3(a)(1)-(3); (b)(1).

[5] *Id.* at (e) ("If a certificate of merit is not signed by an attorney, the party signing the certificate of merit shall, in addition to the other requirements of this rule, attach to the certificate of merit the written statement from an appropriate licensed professional as required by subdivisions (a)(1) and (2). If the written statement is not attached to the certificate of merit, a defendant seeking to enter a judgment of non pros shall file a written notice of intent to enter a judgment of non pros for failure to file a written statement under Rule 1042.11.").

[6] *See id.*

[7] *See* Pa.R.C.P. 1042.12 (controlling rule for procedure to enter judgment of non pros for failure to attach written statement as directed by Pa.R.C.P. 1042.3(e)).

[8] The titles of Lloyd's pleadings have been shortened for clarity.

the trial court granted summary judgment in favor of Appellees and against Lloyd as to all counts in her first amended complaint.

Although Lloyd challenges rulings made in eight orders,[9,10] *see* Appellant's Brief at iii-1,[11] "[a]s a general rule, only final orders are appealable[.]" *American Independent Insurance Co. v. E.S.*, 809 A.2d 388, 391 (Pa. Super. 2002). "A final order disposes of all claims and of all parties." Pa.R.A.P. 341. Therefore, the court's January 11, 2024 order

_____

[9] Lloyd filed an amended notice of appeal to include the February 7, 2024 order denying her motion for reconsideration of the order granting summary judgment. This Court partially quashed the appeal in regard to the order dated February 7, 2024, but permitted Lloyd's original notice of appeal, filed January 26, 2024, to proceed as this instant appeal. Order, 4/25/24.

[10] Seven of these orders are interlocutory: (1) September 8, 2022 order denying Lloyd's motion for summary judgment as premature; (2) December 16, 2022 order setting discovery deadlines and trial schedule; (3) January 13, 2023 order dismissing 42 motions as moot; (4) January 18, 2023 order denying Lloyd's motion for reconsideration of orders dated January 13, 2023; (5) June 19, 2023 order granting, in part, and denying, in part, Lloyd's petition to open/strike the judgment of non pros; (6) July 5, 2023 order denying Lloyd's motion to reconsider all orders from January 13, 2023 to January 18, 2023; and (7) October 25, 2023 order denying Lloyd's request for conference and scheduling status conference.

Although these orders were interlocutory, and, thus, not immediately appealable at the time of their entry, the court's entry of summary judgment on all of Lloyd's claims acted to finalize them. *See Betz v. Pneumo Abex LLC*, 44 A.3d 27, 54 (Pa. 2012). *See also Quinn v. Bupp*, 955 A.2d 1014, 1020 (Pa. Super. 2008) (interlocutory orders may be reviewed in subsequent, timely appeal of final order or judgment).

[11] Lloyd's notice of appeal states that she seeks to appeal from nine orders, but Lloyd incorrectly refers to the entry of the judgment of non pros on October 12, 2022 as an order.

granting summary judgment, that disposed of all claims and all parties, is a final and appealable order. ***Fannie Mae v. Janczak***, 245 A.3d 1134, 1135 n.1 (Pa. Super. 2021).[12]  Lloyd filed a timely notice of appeal.[13]  She raises the following issues for our review:

> 1.  Should Lloyd have been allowed to amend [her complaint]?
>
> 2.  Should Lloyd have been allowed to do discovery?
>
> 3.  Should [Appellees] and their law firm be sanctioned for plagiarism and perjury [and s]hould Appellees and their [law firm] be sanctioned for filing a frivolous non pros after they concealed, falsified[,] and destroyed evidence in this matter]?[14]
>
> 4.  Are certificates of merit unconstitutional?
>
> 5.  Should non pros have been entered against Lloyd in regard[] to [Appellees] and should it have been opened/struck in its entirety?
>
> 6.  Should summary judgment have been entered against Lloyd and should summary judgment have been entered against [Appellees] for spoliation of evidence?

Appellant's Brief, at 3-5 (unnecessary capitalization omitted; issues renumbered for ease of review).

Before reaching the merits of Lloyd's claims, we must determine whether she has adhered to the Pennsylvania Rules of Appellate Procedure. "[A]ppellate briefs and reproduced records must materially conform to the

---

[12] Lloyd fails to mention the orders dated September 8, 2022, December 16, 2022, and July 5, 2023 in her brief.  Therefore, we will not review them on appeal.

[13] The trial court did not order Lloyd to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

[14] We have combined these two related claims for clarity.

requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." **In re Ullman**, 995 A.2d 1207, 1211 (Pa. Super. 2010) (citing Pa.R.A.P. 2101). "[P]ro se status does not relieve [an appellant] of [her] duty to follow the Rules of Appellate Procedure." **Commonwealth v. Vurimindi**, 200 A.3d 1031, 1037 (Pa. Super. 2018). "This Court has long recognized that, although [we are] willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant." **Jordan v. Pa. State University**, 276 A.3d 751, 761 (Pa. Super. 2022) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Id.**

Here, Lloyd has failed to cite any pertinent legal authority in the argument sections of her brief pertaining to the first three issues raised on appeal. **See** Rule 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued . . . followed by such discussion and citation of authorities as are deemed pertinent."). Lloyd also fails to develop legal argument for those issues. A bald assertion of error by an appellant, who fails to develop argument or cite to pertinent authority supporting her contention, is not sufficient to permit meaningful appellate review. **See McClung v. Breneman**, 700 A.2d 495, 497 (Pa. Super. 1997); **see also Kelly v. The Carman Corporation**, 229 A.3d 634, 656 (Pa. Super. 2020)

- 7 -

(citing Pa.R.A.P. 2119(a)); *Commonwealth v. Spotz*, 18 A.3d 244, 281 n.21 (Pa. 2011) (without a "developed, reasoned, supported, or even intelligible argument[, t]he matter is waived for lack of development"); *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities[; t]his Court will not consider the merits of an argument which fails to cite relevant case or statutory authority.") (internal citations omitted). Therefore, we find Lloyd's first three issues waived.

In her fourth issue on appeal, Lloyd argues that certificates of merit are unconstitutional, as they violate the First Amendment and her due process right to discovery.[15] *See* Appellant's Brief, at 49-59. Specifically, Lloyd posits that the certificate of merit requirements under Rule 1042.3(e) are unconstitutional because "under the law, a pro se litigant and an attorney must be treated equally" and that "requiring plaintiffs to submit evidence prior to discovery hinders their right of access to [the] courts." Appellant's Brief at 50, 53; *see also* Pa.R.C.P.1042.3(e). In furtherance of this argument, Lloyd lists several cases from other states that have determined that certificates of merit are unconstitutional. *Id.* at 53-57.

---

[15] Lloyd also raises this issue in connection with the orders, dated January 13, 2023 and June 19, 2023, that dismissed her motions to deem the certificates of merit unconstitutional. *See* Appellant's Brief, at 50, 59. Our review, *infra*, disposes of these issues.

We decline to follow those non-binding cases from other jurisdictions, including Arkansas, Oklahoma, Utah, and Washington State, that Lloyd cites to support this claim. *See Umbelina v. Adams*, 34 A.3d 151, 160 n.3 (Pa. Super. 2011) (providing out-of-state court decisions may be cited as persuasive but are not binding on this Court). Instead, we rely on the reasoning of our Supreme Court in *Womer v. Hilliker,* 908 A.2d 269 (Pa. 2006). There, our Supreme Court stated:

> [Pennsylvania Rule of Civil Procedure 1042.3 was adopted because] we [were] concerned that this trend [of rising numbers of malpractice actions] would lead to an increase in the filing of malpractice claims of questionable merit, and sought to avoid the burdens that such claims impose upon litigants and the courts. Therefore, we exercised our rule-making authority to devise an orderly procedure that would serve to identify and weed [out] non-meritorious malpractice claims from the judicial system efficiently and promptly. . . . [T]he presence in the record of a [certificate of merit] signals to the parties and the trial court that the plaintiff is willing to attest to the basis of his malpractice claim; that he is in a position to support the allegations he has made in his professional liability action; and that resources will not be wasted if additional pleading and discovery take place. On the other hand, the absence from the record of a [certificate of merit] signals to the parties and the trial court that none of this is so and that nothing further should transpire in the action, except for the lawsuit's termination.

*Id.* at 275-76 (internal citations omitted). To date, the Pennsylvania Supreme Court has not found certificates of merit constitutionally infirm.

To support her First Amendment argument, Lloyd relies on *Marbury v. Madison*, 5 U.S. 137 (1803), and *John Doe v. Puget Sound Blood Ctr.*, 819 P.2d 370 (Wash. 1991), to highlight that an individual has a right to access the courts to remedy an injury and such access includes the right to

discovery. *See* Appellant's Brief, at 52. Specifically, Lloyd argues that requiring her to submit a certificate of merit prior to discovery hinders her right to access the courts. However, the record is clear that Lloyd received discovery prior to the submission of the certificates of merit. *See* Appellees' Response to [Lloyd's] Request for Production of Documents, 8/16/22 (Appellees' and Lloyd's email communication on January 28, 2022, indicates Domino's lab results were sent by December 7, 2021); *See* Appellees' Supp. Response to Lloyd's Request for Production of Document, 8/28/22, at 16 (unpaginated) (email on April 18, 2022, providing Lloyd with "Domino's full medical chart" from Exton). Because it is clear Lloyd had already received discovery, Lloyd fails to show how the requirements of certificates of merit infringed on her right to discovery.

Additionally, Lloyd's reliance on *Puget Sound Blood Ctr.*, *supra*, is misplaced. There, the Washington Supreme Court held that

> the right of access is necessarily accompanied by those rights accorded litigants by statute, court rule[,] or the inherent powers of the court, for example, service of process, [rules governing the commencement of actions], or statutes of limitation. [The rules governing limitations of actions] may be in aid of or limitation of a particular cause of action.

*Id.* at 375. As such, the Washington Supreme Court viewed the right of access to the court, including access to discovery, in the context of limitations developed in the legal framework of the state. While the Washington Supreme Court's opinion is nonbinding, we note that, in Pennsylvania, Rule 1042.3 exists to prevent frivolous litigation in the court.

Furthermore, while **Marbury** acknowledges the importance of the right to access courts under the First Amendment, the Supreme Court in **Marbury** did not hold that right to be absolute. More recently, in **Christopher v. Harbury**, 536 U.S. 403 (2002), the United States Supreme Court held that, in order to plead an adequate denial of access to court, a plaintiff must identify an actual injury that is a "nonfrivolous, arguable underlying claim," in addition to a remedy that is not otherwise available in some suit that may yet be brought. **Id.** at 415 (citations and quotation marks omitted). "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." **Id.** at 416. Here, Lloyd argues that the requirements for certificates of merit denied her access to court. However, she fails to successfully plead the underlying claim, providing no evidence to support her allegations. As such, it does not rise to an actual injury under **Christopher**.[16]

_____

[16] However, even if Lloyd successfully pled the loss of her veterinary malpractice suit as the underlying injury,

> such a complaint, alleging malpractice that is unaccompanied by the certificates of merit as held to be required under [Pennsylvania] state law and dismissed at the trial court level for so failing to comply with state law, is simply not non-frivolous within the contemplation of **Christopher**. Hence, to be denied access to court for any such suit or appeal of any such suit simply does not meet the requirement to show an actual injury under the access of courts jurisprudence as it has developed.

*(Footnote Continued Next Page)*

- 11 -

The Fourteenth Amendment to the United States Constitution provides, in part, that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV §1. The United States Supreme Court has interpreted the Due Process Clause of the Fourteenth Amendment to provide that, "within the limits of practicability, a state must afford to all individuals a meaningful opportunity to be heard." **Boddie v. Connecticut**, 401 U.S. 371, 379 (1971), **but also see Morrisey v. Brewer**, 408 U.S. 471, 481 (1972) ("[D]ue process is flexible and calls for such procedural protections as the particular situation demands."). In the context of civil proceedings, the United States Supreme Court has stated:

> Due process does not, of course, require that the defendant in every civil case actually have a hearing on the merits. A [s]tate, can, for example, enter a default judgment against a defendant who, after adequate notice, fails to make a timely appearance, [] or who, without justifiable excuse, violates a procedural rule requiring the production of evidence necessary for orderly adjudication.

**Boddie**, 401 U.S. at 378 (internal citations omitted).

Here, Lloyd failed to attach to her certificates of merit a written statement by an appropriate licensed professional in violation of Rule 1042.3(e), which our Supreme Court has deemed essential in a professional malpractice action. Moreover, Lloyd fails to provide a justifiable excuse as to

---

**Richardson v. Diehl**, 2009 U.S. Dist. LEXIS 78784, *17 (W.D.Pa. 2009), accepted by **Richardson v. Diehl**, 2009 U.S. Dist. LEXIS 787790, *4 (W.D.Pa. 2009). **See Commonwealth v. Stone**, 273 A.3d 1163, 1169 (Pa. Super. 2022) (federal court decisions, although non-binding, may be considered for their persuasive value) (internal citations omitted).

why she failed to attach the statement. Lloyd argues the inability to take discovery prohibited her from getting an expert. However, as we previously stated, the record shows that Lloyd was in possession of Appellees' records well before she filed her certificates of merit. Thus, Lloyd had ample time to amend her certificates of merit to include a written statement prior to the entry of judgment of non pros. This failure resulted in a default judgment of non pros for failure to attach a written statement as required by Rule 1042.3(e). As explained by the **Womer** court, fulfilling the requirements of Rule 1042.3 "signals to the parties and the trial court that the plaintiff. . .is in a position to support the allegations he has made in his professional liability action" and weeds out meritless claims. **Womer**, **supra.** In the context of **Boddie**, an action by a state to permit default judgments for the violation of certain procedural rules is permitted under the due process clause. As it pertains to Lloyd, we find that the application of Rule 1042.3 does not violate her due process rights.[17]

_____

[17] Lloyd appears to argue, in the alternative, that even if certificates of merit are constitutional, the trial court should have disregarded her "procedural defect," under Pa.R.C.P. 126, because Appellees failed to demonstrate their rights would have been violated by allowing Lloyd to amend her certificates of merit. Appellant's Brief, at 50-51. Rule 126 states,

> [t]he rules shall be liberally applied to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of

*(Footnote Continued Next Page)*

Moreover, Lloyd does not cite to any Pennsylvania statute or case law in support of her claim that procedural rules containing different requirements for attorneys and pro se litigants are unconstitutional. While we may surmise which "constitutional rights" Lloyd cites to, "this Court will not act as counsel and will not develop arguments on behalf of an appellant." *Kalili v. State Farm Fire & Cas. Co.*, 330 A.3d 396, 406 (Pa. Super. 2024).[18] Instead, we

_____

procedure which does not affect the substantive rights of the parties.

Pa.R.C.P. 126. While the **Womer** Court determined that Rule 1042.3 may be satisfied by "substantial compliance" under Pa.R.C.P. 126, substantial compliance does not permit a party to "disregard the terms of a rule in their entirety and determines for himself the steps he can take to satisfy the procedure [] adopted to enhance the functioning of the trial courts." **Womer**, 908 A.2d at 278. Failure to submit a written statement by an expert is not substantially complying with Rule 1042.3. **Id.** Indeed, Lloyd's contention that she should not have to abide by rules because she believes they are unconstitutional is the type of argument that the **Womer** court discourages. **Id.** at 270.

[18] If Lloyd is referring to the equal protection clause under the Fourteenth Amendment, we find **Positano v. Wetzel**, 151 A.3d 732 (Pa. Cmwlth. 2016) (Table), persuasive authority on the relationship between certificates of merit and the equal protection clause. **Id.** In **Positano**, a pro se plaintiff claimed the requirements of Rule 1042.3(e) violated his equal protection rights by "classing" him because he was unrepresented. **Id.** at *16. The Commonwealth Court determined that pro se litigants in civil cases do not constitute a class entitled to strict scrutiny or heightened standard of review in an equal protection analysis, which meant the requirements of Rule 1042.3(e) must only bear a rational relationship to a legitimate state purpose. **Id.** at *16-17. The purpose of Rule 1042.3(e), which is to weed out non-meritorious professional liability claims efficiently and promptly, bears a rational relationship to legitimate state purposes, i.e., "furtherance of the judicial economy and protection of litigants from economic and time demands arising from frivolous claims." **Id.** at *17. Further, the Court held that requiring an unrepresented plaintiff to attach a written statement from a

*(Footnote Continued Next Page)*

note our Supreme Court's comment on the requirement in Rule 1042.3(e) that

a written statement from an appropriate licensed professional be attached to

a certificate of merit that is not signed by an attorney.

> This distinction reflects that, as officers of the court, attorneys are
> bound by the Rules of Professional Conduct and must be candid
> with the court. **See** Pa.R.P.C. 3.3(a)(1) ("A lawyer shall not
> knowingly . . . make a false statement of material fact[.]").
> Additionally, a court "may impose appropriate sanctions, including
> sanctions provided for in Rule 1023.4, if the court determines that
> an attorney violated Rule 1042.3(a)(1) and (2) by improperly
> certifying that an appropriate licensed professional" has supplied
> a written statement. Pa.R.C.P. 1042.9(b).

***Bishop v. Lehigh Valley Health Network, Inc.***, 265 A.2d 383, 409 n.16

(Pa. 2021). Accordingly, this claim merits no relief.

In her fifth issue on appeal, Lloyd argues her petition to "open/strike"

the judgment of non pros should have been granted "in its entirety."[19] **See**

Appellant's Brief, at 8-11. Primarily, Lloyd argues that an entry of non pros is

improper under Pa.R.C.P. 1042.7 when a certificate of merit has been filed

---

licensed professional to his certificate of merit serves the legitimate purpose
of removing non-meritorious claims. ***Id.*** Finally, the Court concluded that,
although a plaintiff has the right to self-representation, a pro se plaintiff is not
excused from compliance with procedural rules. ***Id.***

[19] To support her argument, Lloyd cites to the entirety of her motions in the
record, some of which consist of eighty or more pages. Although we are
obligated to conduct thorough appellate review, this Court will not scour the
record in order to find support to statements made in an appellant's brief.
***B.G. Balmer & Co. v. Frank Crystal & Co.***, 148 A.3d 454, 468 (Pa. Super.
2016). Despite this, we will continue to review the merits of her claim.

and there are pending motions on the certificate of merit.[20]  *Id.* at 8; 18-19.

Next, Lloyd argues that Appellees failed to give proper notice of their intention

to enter non pros because the notice:  (1) referenced only Rule 1042.3(e),

but the entry of non pros included Rules 1042.3(a)(1) and (2); and (2) stated

that Appellees would file for the judgment of non pros after 30 days but

instead they filed on the 30th day.  *Id.* at 17-18; 11-12.  Further, Lloyd claims

Appellees concealed, destroyed, and refused to provide Lloyd with Domino's

records, which prohibited her from obtaining written statements by an expert

for the certificates of merit.  *Id.* at 10-16.

We initially note that "any appeal related to a judgment of non pros lies

not from the judgment itself, but from the denial of a petition to open or

_____

[20] Rule 1042.7 provides, in relevant part:

> (a) The prothonotary, on praecipe of the defendant, shall enter judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided that[:]
>
> > (1) there is no pending motion for determination that the filing of a certificate is not required or no pending timely filed motion seeking to extend the time to file the certificate,
> >
> > (2) no certificate of merit has been filed,
> >
> > (3) except as provided by Rule 1042.6(b), the defendant has attached to the praecipe a certificate of service of the notice of intention to enter the judgment of non pros, and
> >
> > (4) except as provided by Rule 1042.6(b), the praecipe is filed no less than thirty days after the date of the filing of the notice of intention to enter the judgment of non pros."

Pa.R.C.P. 1042.7(a)(1)-(4).

strike." ***Madrid v. Alpine Mountain Corp.***, 24 A.3d 380, 382 (Pa. Super. 2011). "The denial of a petition to open and/or strike a judgment of non pros is subject to the abuse of discretion standard; an exercise of that discretion will not be reversed on appeal unless there is proof of manifest abuse thereof." ***Hoover v. Davila***, 862 A.2d 591, 593 (Pa. Super. 2004). "[T]he trial court's decision will be overturned only if reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." ***Womer***, 908 A.2d at 279. Further, the rule governing relief to open a judgment of non pros indicates in pertinent part: "if the relief sought includes the opening of the judgment, the petition shall allege facts showing that: (1) the petition is timely filed[;] (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay[;] and (3) there is a meritorious cause of action." Pa.R.C.P. 3051(b)(1)-(3); ***see also Hoover***, 862 A.2d at 594 (Rule 3051 applies to all judgments of non pros).

Here, Lloyd incorrectly claims that the judgment of non pros was entered pursuant to Rule 1042.7, which provides for the entry of non pros when a plaintiff has failed to file a required certificate of merit. Here, Lloyd filed certificates of merit for both Appellees but failed to attach written statements from an appropriate licensed professional to those certificates. Accordingly, non pros was entered in Lloyd's case on the basis of Rule 1042.12.

Lloyd further contends that Appellees' notice of intention to enter a judgment of non pros (notice of intent) was deficient and the entry of non pros was untimely. We disagree. Appellees complied with both Rules 1042.11

and 1042.12. Appellees' timely notice of intent[21] complied with the language of Rule 1042.11. **See** Pa.R.C.P. 1042.11(b) (requiring notice to state, in relevant part, "I intend to enter a judgment of non pros against you after thirty (30) days of the date of the filing of this notice if a written statement from an appropriate licensed professional is not filed as required by Rule 1042.3(e)."). **See also** Appellees' Notice of Intention to Enter Judgment of Non Pros, 9/12/22, at 1. Appellees filed the notice of intent on September 12, 2022, and served Lloyd the same day. **See id.** at 1-2; **see also** Appellees' Certificate of Service [of Notice of Intent], 9/12/22, at 1. While Lloyd filed multiple *pro se* motions between the time Appellees filed their notice of intent and the court entered non pros, she did not file a motion seeking an extension of time to file new certificates of merit or file a written statement to cure her deficiencies. **See** Pa.R.C.P. 1042.3(d) ("motion to extend the time for filing a certificate of merit must be filed by the [30th] day after the filing of a notice [of intent]"). On October 12, 2022, Appellees filed for entry of a judgment of non pros, which was entered by the protonotary on the same day. **See** Appellees' Praecipe for [Entry] of Judgment of Non Pros, 10/12/22, at 1 (unpaginated).

_____

[21] Under Rule 1042.3, Lloyd was required to file a certificate of merit within 60 days after the filing of the complaint, unless, during that 60-day period, she sought and was granted leave to extend that time period. Pa.R.C.P. 1042.3(a); *id.* at (d). Lloyd did not seek an extension. Lloyd filed her original complaint on June 9, 2022, which meant she had until August 9, 2022, to file certificates of merit with written statements for Appellees. Lloyd failed to do so, which permitted Appellees to file the notice of intent.

Pursuant to Rule 1042.12, upon praecipe of the defendant, a judgment of non pros shall be entered by the protonotary for failure to attach a written statement, provided that:  "(1) no written statement has been filed[;] (2) defendant has attached to the praecipe a certificate of service of the notice of intent[;] and (3) the praecipe is filed no less than thirty days after the date of filing the notice of intent[.]"  Pa.R.C.P. 1042.12(a)(1)-(3); *see also* Appellees' Praecipe for [Entry] of Judgment of Non Pros, 10/12/22, at 1-2 (unpaginated). Here, Lloyd did not file a written statement on or prior to October 12, 2022, Appellees attached the certificate of service of the notice of intent to the praecipe, *see id.* at Ex. A, and the praecipe was filed on the 30th day after the date of filing the notice of intent.  *See generally* Pa.C.S.A. § 1908.

Lloyd claims that she was unable to obtain a written statement from an expert as a result of Appellees' actions.[22]  Lloyd's explanation for her failure to file correct certificates of merit fails to satisfy the second prong under Rule 3051(b), which requires a reasonable explanation or excuse for delay. Specifically, Lloyd posits that she couldn't obtain an expert without the discovery that Appellees concealed, destroyed, and refused to provide.  *See* Appellant's Brief, at 8-9, 10.  Principally, prior to the filing of certificates of merit, discovery is expressly limited by Pa.R.C.P.1042.5.  "Except for the production of documents and things . . . a plaintiff who has asserted a

---

[22] Lloyd filed her petition on October 14, 2022, two days after the judgment of non pros was entered.  *See Estate of Aranda v. Amrick*, 987 A.2d 727, 730 n.2 (Pa. Super. 2009) (petition to open judgment prompt when filed seven days after judgment of non pros entered).

professional liability claim may not, without leave of court, seek any discovery with respect to that claim prior to filing of certificate of merit." Pa.R.C.P. 1042.5. Reading Rules 1042.5 and 1042.3 together, a plaintiff must comply with the requirements of a certificate of merit regardless of discovery. Therefore, failure to obtain discovery cannot be a reasonable explanation or excuse for delay. **See Varner v. Classic Cmtys. Corp.**, 890 A.2d 1068, 1077 (Pa. Super. 2006) (unfamiliarity with rules not a valid excuse).[23,24]

In her final claim, Lloyd's contends that summary judgment was improperly granted where motions were still pending at the time of the court's ruling. **See** Appellant's Brief, at 42. Our standard of review in cases of summary judgment is well-settled. This Court will reverse only where it is established that the trial court committed an error of law or abused its discretion. **Kalili**, 330 A.3d at 403. In reviewing a trial court's grant of

---

[23] Regardless, the record clearly belies Lloyd's claim that Appellees withheld records to prevent Lloyd from obtaining a written statement by an expert. By April 18, 2022, Lloyd was in receipt of Domino's records from Appellees. **See** Appellees' Supp. Response to Lloyd's Request for Production of Document, 8/28/22, at 16 (unpaginated) (email on April 18, 2022 providing Lloyd with "Domino's full medical chart" from Exton). Further, aside from Lloyd's unsupported narrative that Appellees concealed, destroyed, and withheld necessary documentation, Lloyd has failed to point to any evidence in the record to prove Appellees acted in such a way as to prejudice her from obtaining a written statement. We conclude that the trial court did not abuse its discretion by refusing to open the judgment of non pros for the claims arising under Rule 1042.3(a)(1) and 1042.3(a)(2).

[24] Our discussion here entirely disposes of Lloyd's appeal from the June 19, 2023 order. The other portion of her challenge to that order is waived above. **See** Appellant's Brief, at 34, 37 (challenge to order dated June 19, 2023, denying three motions involving discovery).

summary judgment, we view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. *Id.* at 402. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. *Id.* at 403; *see also* Pa.R.C.P. 1035.2.

Here, Appellees' preliminary objections to Lloyd's first amended complaint and Lloyd's motion to file a third amended complaint were pending at the time Appellees filed for summary judgment. *See* Appellant's Brief, at 48. Despite this fact, Appellees' motion was not premature. As aptly explained by the trial court:

> While [Lloyd] is correct that [Rule] 1035.2 provides generally that a party may move for summary judgment "[a]fter the relevant pleadings are closed[,]" this court's December 16, 2022 case management order specifically set September 1, 2023[,] as the deadline by which any dispositive motion must be filed. [Lloyd] made no argument that the pendency of [Appellees'] preliminary objections (which sought dismissal of [Lloyd's] first amended complaint) and/or the lack of an answer filed by [Appellees] prejudiced [Lloyd's] ability to oppose [Appellees'] motions or prejudiced [Lloyd's] ability to direct this court to evidence supporting [the] claims set forth in [Lloyd's] first amended complaint. Any such argument would lack merit in any event[,] since [Appellees'] motions have superseded [Appellees'] preliminary objections[,] which are withdrawn by implication. [Appellees'] motions are the functional equivalent of an answer to [Lloyd's] first amended complaint since they deny all of [Lloyd's] claims.

*See* Order, 1/14/24, at 5-6 (unnecessary capitalization omitted).

- 21 -

Additionally, the trial court explained its reasoning behind its January 14, 2024 order granting summary judgment in favor of Appellees:

> Here, [Appellees] set forth a comprehensive explanation why the record lacks evidence capable of proving the facts essential to Plaintiff's remaining claims. . . . [Appellees] also supported their motions with evidence such as clinical records, lab results, radiology reports and films, billing records, photographs, and email correspondence between the parties. [Lloyd] did not oppose [Appellees'] motions for summary judgment by identifying evidence in the record establishing the facts essential to the claims [Lloyd] set forth in her first amended complaint and [Lloyd] did not supply this court with any affidavit, document, or deposition testimony.

*Id.* at 3-5 (unnecessary capitalization and some internal citations omitted).

Upon review, we agree with the trial court's determinations and conclusions. Further, Lloyd cites to no evidence to support her argument that summary judgment was incorrectly granted to Appellees and "should have been entered against Appellees" instead. Appellant's Brief, at 42. The record contains insufficient facts to make out a prima facie cause of action and, therefore, there were no issues to be submitted to a jury. *See* Pa.R.C.P. 1035.2 note; *see also* Appellees' Brief, at 53-65 (disputing Lloyd's claims regarding Count I through Count XI). Lloyd fails to come forth with any evidence on the record demonstrating the existence of the facts essential to her remaining causes of action and, instead, abandons them completely. *See* Pa.R.C.P. 1035.2 note. Therefore, summary judgment was properly granted. Accordingly, we affirm.

Order affirmed.

- 22 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/2/2025